the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ In the Matter of the Claim of EUGENIA GONELLA, Respondent, against EDDIE'S CHOP HOUSE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of death benefits made by the Workmen's Compensation Board. For some time prior to his death deceased employee had been employed as an afternoon chef at employer's restaurant. About one week prior to April 1, 1949, he was assigned by the employer to substitute for the morning chef who had taken a vacation, and while performing such duties fell over and died in the employer's kitchen at about 12:40 P.M., on April 1, 1949. Death was due to a coronary occlusion. There is evidence that the duties of the morning chef were more strenuous than those of the afternoon chef — which had been decedent's regular work — in that the morning chef was required to lift, fill and move many heavy pots containing food weighing from 25 to 80 pounds. There is also evidence of an incident shortly before decedent's death when a customer had rejected food served to him, which excited decedent, caused him to shake and his face to redden. While there is a conflict of medical testimony, there is substantial medical evidence that decedent's increased work load was definitely a precipitating factor in the coronary occlusion. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ In the Matter of the Claim of CARMINE IODICE, Respondent, against GENERAL ABRASIVE Co., INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from decisions of the Workmen's Compensation Board, awarding compensation to the claimant for permanent total disability. The claimant had been employed in the appellant's plant for about 36 years as an operator of a screening machine used in the processing of aluminum oxide. Throughout his employment, he was exposed to aluminum oxide and to silicon carbide dust. In March, 1953, the claimant suffered a heart attack, which was concededly not due to any compensable accident. While the claimant was hospitalized for the heart condition, an X ray was taken and the presence of pulmonary fibrosis due to silicosis, an occupational disease, was revealed. It is undisputed that the claimant is now totally disabled. It is virtually undisputed that the heart condition is itself totally disabling and would be so disabling, even if the silicosis were not present. The claimant's physician testified at one point that the silicosis would also be totally disabling of itself and the board originally so found but, on reconsideration, the board withdrew that finding and found that the silicosis was not in itself totally disabling but that " said silicosis condition, together with an underlying cardiovascular condition, has caused him [the claimant] to be totally and permanently disabled." If the board had adhered to its original finding and there had been sufficient evidence to support it, the award could have been sustained upon the theory that where there are two actively operating, concurring causes, each of which was sufficient to bring about the harm, either or both could be held liable for the resulting harm (Restatement, Torts, § 432, subd. [2]). However, in view of the board's final determination that the silicosis was of itself only partially disabling, the award cannot be sustained. Section 39 of the Workmen's Compensation Law provides that " compensation shall not be payable for partial disability due to silicosis ". The fact that partially disabling silicosis happens to coincide with another condition which is totally disabling, does not give rise to a right to an award, if the silicosis does not contribute to the other condition. Most of the medical evidence was to the

effect that the heart condition was wholly, unrelated to the silicosis. However, there was a statement in the report of the board's expert consultant to the effect that he believed " that the presence of emphysema [due to the silicosis] adds a load to an already injured heart muscle and is therefore contributing ". But the board made no finding that the heart condition was contributed to or aggravated by the silicosis, and it is doubtful upon the present record whether, if such a finding had been made, it would have been supported by substantial evidence. Therefore, on the basis of the present record, this case does not fall within the ambit of a prior decision of this court, relied upon by the Attorney-General, which upheld an award for silicosis on the ground that it contributed to an underlying pathological condition, which in turn was totally disabling (*Matter of Withers* v. *du Pont de Nemours & Co.*, 266 App. Div. 928, motion for leave to appeal denied 292 N. Y. 727). Decisions and awards are reversed, with costs to the appellant, and the matter remitted to the Workmen's Compensation Board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.