■ In the Matter of the Claim of THEODORE KOWALEWSKI, Respondent, v. BLAW-KNOX COMPANY, Appellant-Respondent, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent-Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the carrier and the Special Disability Fund from a decision and award of the Workmen's Compensation Board based on a finding that claimant is permanently and totally disabled as a result of a "silicosis condition superimposed on arteriosclerotic obliterans of the legs". This claim was first filed in 1953. In 1954 based on a thorough medical examination the Referee found claimant had silicosis but that any disability therefrom was partial and the case was closed pending evidence of total disability (Workmen's Compensation Law, § 39). In 1959 the case was

reopened. At a hearing held at the request of the carrier Dr. Brock, a member of the board of chest consultants who examined claimant, opined that while claimant was totally disabled the pulmonary condition caused by the silicosis was only a partial cause of disability and did not, in and of itself, cause total disability. He stated rather that it was claimant's arteriosclerosis added to the pulmonary condition which created total disability. He further stated that there was no relationship between the pulmonary condition and the arteriosclerosis nor was the latter related to claimant's employment. On the present state of the record the decision and award cannot be upheld. As stated the record clearly reveals that claimant's disability, while total, is only partially due to silicosis and that claimant's arteriosclerosis did not originate from his silicosis or as a result of his employment. Thus, as has been repeatedly held, unless the medical evidence demonstrates that the silicosis affected or contributed to the second affliction and the two conditions together result in total disability an award is not proper (*Matter of Dozier* v. *Republic Steel Corp.*, 12 A D 2d 868, motion for leave to appeal denied 9 N Y 2d 611; *Matter of Muldoon* v. *Woods Co.*, 8 A D 2d 888, motion for leave to appeal denied 7 N Y 2d 706; *Matter of Iodice* v. *General Abrasive Co.*, 5 A D 2d 707; *Matter of Withers* v. *Du Pont de Nemours Co.*, 266 App. Div. 928, motion for leave to appeal denied 292 N. Y. 727). In *Matter of Iodice* v. *General Abrasive Co.* (*supra,* p. 707) the applicable rule was clearly stated as follows: "The fact that partially disabling silicosis happens to coincide with another condition which is totally disabling, does not give rise to a right to an award, if the silicosis does not contribute to the other condition." The instant record is devoid of evidence on this factor. Decision and award reversed, with costs to appellant, and matter remitted to the Workmen's Compensation Board for further proceedings. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.