■ In the Matter of the Claim of ROBERT CHATMAN, Respondent, v. ACME STEEL & MALLEABLE IRON WORKS, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which found that the claimant was permanently and totally disabled due to silicosis. It is conceded that the claimant was suffering from moderately advanced silicosis but the appellant contends that the total disability was not due to the pulmonary condition. The doctor for the carrier testified disability was due principally to a cardiac condition. The board medical specialist in dust diseases stated that the major disability was pulmonary, but the heart condition played a contributing factor and that all of these conditions resulted

in the claimant being permanently and totally disabled. The board found "that the claimant is permanently and totally disabled due to silicosis. Even though the claimant may have a cardiac condition, the medical evidence does not sustain the contention that the cardiac condition is disabling." While the finding of the board is somewhat nebulous it is apparent that it intended to find that the permanent and total disablement was due to silicosis per se and not an aggravation of the cardiac condition. The record does not sustain such a determination. Section 3 (subd. 2, par. 28) of the Workmen's Compensation Law provides that compensation is payable for total disability or death resulting from silicosis or other dust disease. This has been interpreted to sustain an award if the silicosis contributes to or aggravates another condition and the combination resulted in total disability. Where silicosis in no way contributes to the other condition, then there is no total disability and a silicosis award may not be sustained. Such is the testimony of the present record. Upon remission, it will be possible to further develop the medical testimony. Decision and award reversed and matter remitted, with costs to the appellant against the Workmen's Compensation Board. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.