■ In the Matter of the Claim of EDGAR A. FOWLER, Respondent, v INTERNATIONAL TALC Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 2, 1974, which awarded benefits upon a finding that the claimant was totally industrially disabled due to the occupational disease of talcosis and that there was permanent total disability. The claimant's condition of talcosis was first diagnosed by his physician, Dr. Miller. That physician advised that the claimant should stop working in dusty environments. Thereafter, the claimant filed a claim for compensation and was examined by Dr. Brock, a member of the board's panel of dust consultants on August 10, 1973. Dr. Brock's written report recited an occupational history which established that the claimant had been employed in the talc industry from 1939 until March of 1973 with the exception of one or two years and that from 1954 to March of 1973 the claimant had worked for the employer "as a miller and was exposed to a great deal of talc dust." At the hearing held on November 8, 1973 the appellant carrier stipulated that the facts contained in the occupational history of Dr. Brock's written report were correct. Accordingly, the record established that, as of the time of the claimant's cessation of employment which was apparently upon his doctor's recommendation to no longer work in that particular dusty environment, the environment was in fact harmful to the claimant. Furthermore, there was no dispute as to the fact that the claimant contracted pulmonary fibrosis known as talcosis as a result of his occupation and employment by the appellant employer. Pursuant to the provisions of subdivision 1 of section 37 of the Workmen's Compensation Law, the record establishes that the claimant was disabled as the result of an occupational disease. However,

section 39 of the Workmen's Compensation Law as it was in effect at the time of the claimant's disablement provided that compensation could not be awarded for partial disability due to dust diseases. Pursuant to the limitation imposed by section 39, this court has repeatedly held that compensation could only be awarded where the evidence established that the dust disease by itself caused total disability without regard to other medically disabling conditions unless such conditions were established to be caused or aggravated by the dust disease (*Matter of Kowalewski v Blaw-Knox Co.,* 16 AD2d 724; *Matter of Chatman v Acme Steel & Malleable Iron Works,* 16 AD2d 726; *Matter of Iodice v General Abrasive Co.,* 5 AD2d 707). It is to be noted that by section 3 of chapter 577 of the Laws of 1974, section 39 was amended so as to no longer prohibit the award of compensation benefits for a partial disability resulting from dust disease. The sole issue raised upon this appeal is whether or not there is substantial evidence to support the board's award of benefits for a total disability. The board's expert, Dr. Brock, testified that the claimant not only had a disabling talcosis condition, but that he also had a disabling cardiac condition which was unrelated to the talcosis. The board in its decision recites that Dr. Brock, either in his testimony or his report, found an aggravation of the cardiac condition by the talcosis, however, the record does not contain any such conclusion on Dr. Brock's part and in fact he specifically testified that there was no causal connection between the cardiac disability and the talcosis based upon the present observable medical facts. The board's opinion indicates that its finding of a permanent total disability was fundamentally premised upon the conclusion that the cardiac condition was caused or contributed to by the talcosis and the patent lack of evidence to support that conclusion requires a reversal of the present decision. However, Dr. Brock did testify that the claimant's talcosis or pulmonary fibrosis standing alone would render the claimant unable to pass a pre-employment physical. He later characterized the talcosis as a "moderately" and "severe" partial disability which would apparently conflict with the claimant's employment prospects as earlier described by him. Upon remittal the board utilizing its administrative procedures should be able to resolve the factual issue relating to total disability by requiring further hearings. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.