■    In the Matter of BLANCA CARRERO, Appellant-Respondent, v ALBERT

FIZZINOGLIA, Respondent-Appellant.—Order of the Family Court, Bronx County, entered January 9, 1979 denying petitioner's application for an upward modification of support order and granting respondent's cross petition for a downward modification of the support order to $10 weekly, modified, on the facts and in the exercise of discretion, to deny the cross petition, and otherwise affirmed, without costs. Petitioner is the mother of a child born on September 6, 1975. On March 3, 1977, Family Court, Bronx County, made a filiation order finding respondent to be the father of the child. Pursuant to said finding of filiation, the Family Court made an order, June 2, 1977, directing respondent to pay the sum of $40 biweekly for the support and education of said child. On August 15, 1978 petitioner filed a petition for an upward modification of child support. On October 2, 1978 respondent filed a petition for downward modification. The petition and cross petition were premised upon an alleged change in circumstances. At the hearing on January 9, 1979, petitioner testified she had lost her job and was receiving $75 per week unemployment insurance and $80 a month as a member of the Army National Guard. Respondent, a New York City policeman, testified that his gross salary was $346 per week, net $233, and that since the time of the original order he had been divorced pursuant to a decree which requires him to pay $125 per week for the support of his three children of that marriage. The record does not make clear whether this includes support for his ex-wife. He also testified to additional new expenses, including rent for his own apartment, by reason of the divorce. Without making any findings, the Family Court Judge reduced the amount respondent was required to pay for the support of his out-of-wedlock child from $40 biweekly ($20 per week) to $10 per week ($20 biweekly), thus denying petitioner's application for upward modification and granting respondent's application for downward modification. It is plain that there was a change of circumstances with respect to each of the parties. Obviously respondent's income is so limited as to make compliance with his responsibilities difficult. However the change in circumstances was not so material as to warrant the reduction (*Schine v Schine*, 45 AD2d 687). Considering the totality of circumstances we have concluded that it was an abuse of discretion to grant the reduction. The cross motion should not have been granted. Accordingly, we have modified the order appealed from to deny the cross motion. Concur —Fein, J. P., Sandler, Bloom, Markewich and Silverman, JJ.