■ In the Matter of the Claim of JOHN LEVESKI, Appellant, v DIC UNDERHILL JOINT VENTURE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 21, 1980, which denied claimant's application to reopen his case. Claimant was employed by the Dic Underhill Joint Venture as a drill runner in which capacity he chipped and drilled rock and concrete. In 1972, he began medical treatment for a coronary artery disease. Claimant's health worsened and on December 12, 1975 he stopped working. He was admitted to Mount Sinai Hospital on January 3, 1976 and during his stay it was discovered that he had developed a lung disease, viz., pneumoconiosis, a type of silicosis, caused, *inter alia,* by the inhalation of stone and concrete dust. On January 14, 1976 a triple coronary artery bypass operation was performed in an effort to relieve claimant's coronary condition. Thereafter, claimant applied for workers' compensation benefits alleging that his silicosis condition was the result of an occupational disease within the meaning of section 3 (subd 2, par 29) of the Workers' Compensation Law. While recognizing the existence of claimant's silicosis condition, the board ultimately found that claimant was totally disabled by reason of the non-work-related coronary condition and, accordingly, rescinded a referee's award. Claimant never appealed the board's decision. On August 29, 1979, claimant sought the reopening of his case. The board denied the application on February 14, 1980 and this appeal ensued. The

board's denial of an application to reopen may not be disturbed unless it was arbitrary and capricious or an abuse of discretion *(Matter of Pressler v Maner Mfg.,* 72 AD2d 692, mot for lv to app den 49 NY2d 1044). We find no basis justifying disturbance of the board's decision in the instant case. It is well established that claimant must demonstrate a change of condition prior to a reopening *(Matter of Gibbons v Zara Constr. Co.,* 77 AD2d 675). Accordingly, where, as here, claimant's medical report merely reiterates claimant's condition as it existed when the board made its original decision and offers no additional facts or newly discovered evidence, the board's decision must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Yesawich, Jr., and Weiss, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum.

Mikoll, J. (dissenting). I respectfully dissent. The board's denial of claimant's application for reopening was arbitrary and capricious. Claimant's application was supported by a C-27 "change in condition" form signed by his treating physician. Thereon it is indicated that claimant is *"totally"* (emphasis added) disabled by reason of his silicosis condition. At the initial hearing, his doctor at the time found him to be only partially disabled from silicosis. Other experts indicated that there was no such pulmonary disability attributable to silicosis. The board adopted the latter view. The C-27 form now indicates that claimant's condition has significantly worsened since the date of the board's decision closing the case and that claimant is now totally disabled because of his silicosis condition alone. On the basis of the present medical evidence submitted by claimant's physician, claimant has arguably established that he now has two causes for his continuing total disability, his cardiac condition and his work-related silicosis condition. Under such circumstances, he is entitled to a hearing on his contention that his condition has changed and that he is now totally disabled due to both conditions which arguably are "two actively operating, concurring causes" for his total disability *(Matter of Iodice v General Abrasive Co.,* 5 AD2d 707). The decision of the board should be reversed.