In the Matter of the Claim of SANTO GRECO, Respondent, against TRAVELERS INSURANCE COMPANY, Appellant, and MICHIGAN MUTUAL LIABILITY COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* Claimant was employed as a blaster foreman in construction work and was exposed to silica dust. Prior to August 1, 1951, the employer's carrier was the Michigan Mutual Liability Company; after that date it was the appellant Travelers Insurance Company.

The statute (Workmen's Compensation Law, § 44-a) dealing with silicosis and other dust diseases provides that the employer in whose employ a claimant "was last exposed to an injurious dust hazard" shall be liable when disability is due to silicosis.

Here the same employment continued, but to fix the liability of succeeding carriers we would feel guided by the rule that the statute imposes for succeeding employers. The referee found that the last injurious exposure was before August 1, 1951, while Michigan was the carrier.

The board, however, found that there was later exposure after August 1st, when Travelers was the carrier. Appellant does not argue that there was no substantial evidence in the record to sustain such a finding. It argues, merely, that the referee having found the last exposure was before August 1st, and the memorandum of the board of October 29, 1952, not having disturbed this finding on the facts but having ruled merely as a matter of law that the carrier on the risk at the date of disablement takes the risk, that we must deem the factual finding of the referee unchanged and reverse the erroneous legal conclusion of the board.

But on March 27, 1953, the board with due formality made a finding of fact that the "last injurious exposure" to the dust hazard was after August 1st. We must accept this finding factually; and since there is evidence to support it we are required to say that the carrier then on the risk is liable for the award.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 829.]