■ In the Matter of the Claim of MARY KOPEC, Respondent, against BUFFALO BRAKE BEAM-ACME STEEL & MALLEABLE IRON WORKS, Appellant, and SPECIAL FUND CONSERVATION COMMITTEE, Respondent, WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award by the Workmen's Compensation Board of death benefits, upon a finding that decedent died "as a result of silico-tuberculosis complicated by tuberculous meningitis, an occupational disease". The appellant employer's primary contention is that by reason of the time limitation imposed by section 25-a of the Workmen's Compensation Law the Special Fund should be charged with any award made. That result would follow if decedent's death occurred more than seven years after his "injury", as that word is used in section 25-a. Counsel for the two parties concerned with this aspect of the case agree that this limitation is the one applicable but the employer asserts that the date of injury is the date of last injurious exposure to silica dust rather than the date when decedent became totally disabled, as contended by the Special Fund. Under the statute, of course, "injury" means "accidental injury" (§ 2, subd. 7) and disablement from an occupational disease subject to compensation shall be treated as the happening of an accident (§ 38). Thus "disablement" is "injury" for the purpose of the statute. In silicosis and other dust disease cases, however, disability is not compensable unless and until it becomes total. (§ 39.) It follows that for the purposes of the limitations set up in section 25-a the date of the "injury" must, in such cases, be deemed the date upon which the claimant became totally disabled. While section 25-a is not a Statute of Limitations against the employee, it does provide, for the benefit of the employer, limitations of time, expressly referred to as such and to be computed from a time which in every case (unless those of silicosis and other dust diseases are to be excepted) is the date when the claimant's right to compensation first accrued. The "injury" contemplated must obviously be a compensable injury or disablement and no sound reason appears for excepting dust disease cases from

the test applicable in all others. Appellant contends, as has been noted, for a different construction, urging that the date of "injury" within the purview of section 25-a was the date of claimant's last injurious exposure to silica dust, said to have been the last day of his employment, some eight years prior to his death. In support of its theory as to "last injurious exposure", appellant cites *Matter of Gajewski* v. *American Radiator Corp.* (1 A D 2d 81) which construed section 44-a, relating to limitations upon disability claims in dust disease cases. However, those limitations are inapplicable to death claims and, in fact, the section holds the employer liable "when death results at any time from such injurious exposure". We conclude that the employer may be relieved pursuant to section 25-a only if seven years elapsed between the date decedent became totally disabled and the date of his death. The respondent Special Fund relies, in part, on subdivision 8 of section 25-a, providing that the statutory time limitations shall not apply during the pendency of an appeal. The appeal in question here, however, did not involve a decision or award with respect to an injury within the purview of subdivision 1 of section 25-a, as here applied, that is, a total disablement due to silicosis, and the only award so predicated was that by a referee and was rescinded by the board some six months later, on appeal to the board by the employer. (See *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65.) The board found that claimant became totally disabled on or about June 9, 1952, which was the date of his death. The finding was predicated upon a physician's affirmative answers to two questions as to whether decedent "was" totally and permanently disabled on the date of his death. The brief submitted on behalf of the Special Fund concedes that this was the only evidence dealing specifically with total disability due to silico-tuberculosis. The true issue was, of course, not whether claimant "was" totally disabled on the day of death but when he first "became" totally disabled. The evidence being wholly insufficient to support the finding on that issue, the case must be remitted for further proof. Our conclusion renders unnecessary the determination of appellant's further contentions, including its assertion that the board's refusal to hear the employer's proof on the issue of causal relation deprived the employer of a fair hearing. However, since the case is to be remitted for rehearing, the reasons which the board considered sufficient for its action at that time no longer exist and the employer should be permitted to put in its proof on that issue. Decision and award reversed and case remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against respondent Special Fund for Reopened Cases. Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ., concur.