■ In the Matter of the Claim of BLANCHE BLUMENFELD, Respondent, against REEFER-GALLER et al., Appellants, and R. H. MACY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Reefer-Galler and its carrier from a decision and award of the Workmen's Compensation Board. On March 20, 1950 the claimant was employed to demonstrate and sell, at R. H. Macy & Co., certain mothene products manufactured by Reefer-Galler. Her contract stated she was to be hired by Macy's as an employee of Macy's who was to pay her salary which with an additional 12% to cover workmen's compensation, etc., was to be chargeable to Reefer. The claimant's

work exposed her to products containing paradichlorobenzene. Shortly after starting this work she began to feel uncomfortable in breathing and she broke out in a rash. She consulted her own physician, Dr. Levin, on March 24, 1950 and he sent her to an allergist, Dr. Alperstein, on April 24, 1950. The claimant testified that she left work on April 30, 1950 because Dr. Alperstein told her she would have to if she wanted to regain her health. It appears that the claimant visited Macy's medical department on April 24 and May 1, 1950. She returned to work at Macy's on May 25, 1950 demonstrating products for the National Silver Co. No claim for compensation was filed until September 8, 1954. Dr. Levin testified that on March 24, 1950 he diagnosed the claimant's condition as bronchial asthma, that her exposure to the products she was demonstrating was a competent producing cause of her condition and that she had been totally disabled therefrom from May 1 to May 25, 1950. Dr. Alperstein stated that on April 24, 1950 he diagnosed the claimant's condition as bronchial asthma. An award for two weeks intermittent lost time between February 7 and June 27, 1955 was made against Reefer, the board finding that an occupational disease was established with November 29, 1954 as the date of disablement and that there was a continuous employment so that the claim was timely filed. The decision of the board that there was a continuous employment of the claimant by Reefer is without support in the record. The claimant's only connection with Reefer was the period from March 20 to April 30, 1950 when she was demonstrating its products. There is also a lack of any evidence in the record to support November 29, 1954 as the date of disablement. Both doctors who testified stated that they diagnosed the claimant's condition as bronchial asthma in 1950 and Dr. Levin stated the claimant was totally disabled from the condition when she was out of work from May 1 to May 25, 1950. Thus the date of disablement set by the board was clearly erroneous and an attempt to circumvent section 28 of the Workmen's Compensation Law. The Attorney-General seeks to sustain the Board's decision on the basis that this is a case involving an exposure to a benzol derivative and therefore within the exceptions to sections 28 and 40. Claimant's statements to the Macy Medical Department on April 24, 1950 that she believed she had developed an allergy to the moth products she was demonstrating and wanted to see her local doctor and the note written by Dr. Levin, her attending physician, on April 30, 1950 to remove claimant from the offending moth products — " To Whom it May Concern : Miss Blanche Blumenfeld has been found to be allergic to paradichlorobenzene and soap flakes. (Signed) Dr. Levin " — show rather conclusively that the claimant knew when she stopped work on April 30, 1950 that her bronchial asthma was due to the moth products she was demonstrating, and her claim was certainly not filed within 90 days after such knowledge which would be necessary to bring her within the exceptions to sections 28 and 40. We would therefore dismiss the claim were it not for certain evidence in the record indicating that an advance payment of compensation might be established from two visits which the claimant made to Macy's medical clinic on April 24 and May 1, 1950. The record would support a finding of dual employment and upon remittal the board should examine this question as well as the question of advance payment. Decision and award reversed and matter remitted to the Workmen's Compensation Board with one bill of costs to appellant against respondents carrier and the board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.