■     In the Matter of the Claim of EMILIO TRENTIN, Respondent, against CIVETTA CONTRACTING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This controversy is between two carriers. The board has found the date of claimant's disablement due to silicosis to be August 14, 1954, the last day he was employed. Claimant had worked for the same employer since 1949. Appellant went on the risk on April 6, 1953, and contends that the board should have found a date of disablement which was prior thereto. Claimant was off work from December, 1952 to June, 1953, and his condition was medically diagnosed as silicosis at the time. He returned to work for the same employer in June of 1953 and worked until August 14, 1954, when his disability due to silicosis became final and complete. Appellant was on the risk at the time of claimant's last injurious exposure to silica dust, and is liable for the award. (Workmen's Compensation Law, § 44-a.) Under such circumstances the board was not bound as a matter of law to find a date of disablement due to silicosis prior to April 6, 1953. Appellant relies heavily upon *Matter of Dunleavy* v. *Walsh, Connelly, Seniorn & Palmer* (309 N. Y. 8). We find nothing in the present decision which is inconsistent with the holding in the *Dunleavy* case. Award unanimously affirmed, with costs to respondent-carrier against appellant. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■     In the Matter of the Claim of COY HERMAN, Respondent, against RINGLING BROTHERS BARNUM AND BAILEY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of disability compensation and raise only the question of jurisdiction of the New York Workmen's Compensation Board. Claimant was hired as a "bullman" in Sarasota, Florida, where the circus employer had its winter quarters. Claimant's duties were really that of a laborer, helping to clean the elephants, doing the necessary cleaning up around them, and assisting in the necessary physical work of caring for the elephants. He was in no sense a trainer or an expert, and was hired for no definite period, working only from day to day. He worked at Sarasota for a time during the Winter of 1955, and went with the circus to Madison Square Garden in April of 1956. He was injured in the course of his employment at Madison Square Garden on April 3, 1956. The circus was to remain in Madison Square Garden for six weeks and then proceed on tour throughout the country until it returned to Sarasota for the Winter. The circus was continually hiring day to day men wherever it was. The employer maintained a New York office which had charge of the circus when it was in New York. Claimant was paid from the New York office by check drawn on a New York bank. Employees were discharged and hired under the supervision of the New York office. There was no agreement on the part of either the employer or claimant that claimant was to return to Sarasota. There seems little difference between claimant's status while working from day to day in New York than a similar employee hired in New York. The question of jurisdiction must depend upon the facts of each case. Under the peculiar and unusual facts of this case we may not say as a matter of law that the board could not find that claimant was engaged in a New York employment at the time of his accidental injuries occurring there. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.