■ In the Matter of the Claim of JOHN J. McGOLDRICK, Appellant, v. NEW YORK POST et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision which disallowed his claim, filed October 12, 1960, for occupational loss of hearing as barred by section 28 of the Workmen's Compensation Law for failure to file within two years after the date of disablement, which the board held must be determined to be April 28, 1958 under the law applicable on that date, which is that on which claimant was removed from exposure to harmful noise. Occupational loss of hearing is now governed by article 3-A of the Workmen's Compensation Law (L. 1958, ch. 974, eff. July 1, 1958) and section 49-bb thereof, so far as here pertinent, provides: "Notwithstanding any other inconsistent provisions of this chapter compensation for occupational loss of hearing shall become due and payable six months after separation from work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, *and the last day of such period of separation from work shall be the date of disablement.*" Appellant claimant asserts that section 49-bb is to be given retroactive effect as a remedial statute; and he cites the familiar cases in which remedial statutes have been thus treated (see, e.g., *Matter of Mlodozeniec* v. *Worthington Corp.*, 9 A D 2d 21, affd. 8 N Y 2d 918, cert. den. 364 U. S. 628, and cases cited 9 A D 2d 21, 24). The amendment is not remedial in the sense that it would confer upon deaf employees generally any increased benefit or grant to them any extension of time for the enforcement of their rights. True it is that in this isolated case this particular claimant would benefit by application of the statute since the purely incidental result would be to render his claim timely; but the effect, in future, upon claimants generally will be to deprive many of them of six months of compensation payments which previously would have been payable upon finding of dates of disability six months earlier than the new statute now permits; and a further effect is to render loss of hearing noncompensable in any case unless the employee shall become separated from the employment in which he has, at any time, been exposed to harmful noise. Date of disablement is generally to be considered a substantive issue rather than a procedural matter and section 49-bb deals with such an issue in providing that "the last day of such period of separation from work shall be the date of disablement." Finally, the purpose and effect of the amendment were not to accomplish a procedural change as such but quite evidently to provide a period of time away from the noisy environment so as to permit accurate appraisal of the supposed hearing loss. (See 1953 Report of Committee of Consultants on Occupational Loss of Hearing, 12 NYCRR 350.1, pp. 1081–1082.) It may also be noted that section 49-bb became law April 23, 1958 but that its effective date was July 1, 1958. The postponement of the effective date of a statute is some evidence that the Legislature never intended it to be retroactive. (*Matter of Ayman* v. *Teachers' Retirement Bd. of City of N. Y.*, 9 N Y 2d 119, 125; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 51, p. 75.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.