In the Matter of the Claim of Anthony Scimeni, Respondent, *v.* Welbilt Stove Company, Appellant. Workmen's Compensation Board, Respondent.

Third Department, July 1, 1969.

*Frank Gioeli* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Henriette Frieder* of counsel), for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Fund.

*Harry S. Thau* for claimant-respondent.

STALEY, JR., J. This is an appeal by the employer-self-insurer from a decision of the Workmen's Compensation Board, filed June 18, 1968.

Claimant was employed by appellant as a porter in its shop for the enameling of stoves. It is undisputed that in performing his work, claimant was exposed to the inhalation of enamel dust, and also that claimant left his employment and ceased to work on May 5, 1962 because of total disablement due to a causally related silicosis condition. Claimant had commenced working for appellant in 1952, and on June 5, 1958, he incurred a spontaneous pneumothorax which resulted in his being hospitalized from June 6, 1958 to June 25, 1958. Claimant responded to treatment and a complete re-expansion of the lung resulted. Claimant returned to work on October 22, 1958 and worked steadily until May 5, 1962.

A claim was filed on August 5, 1958 for compensation based on a spontaneous pneumothorax and marked pneumonoconiosis. Hearings were held at which claimant appeared without legal counsel and at which no medical testimony was taken. Since the only medical evidence which the Referee had before him

were the reports of the attending physician, the last of which indicated that claimant was able to resume work, the Referee closed the case on April 20, 1959 with a finding of no medical evidence of causally related disability.

The self-insured employer, contrary to both statutory requirements and board rules, failed to produce the medical reports of Dr. Brandaleone and Dr. Rappaport which could have established disability and possible causal relationship.

Claimant was treated by Dr. Indelicato from November 6, 1961 to November 16, 1962, who advised him not to work because of a heart condition. Dr. Indelicato filed no reports but, at a hearing held in 1968, he testified that the pulmonary disease was the primary disabling factor in 1962. On June 17, 1965 claimant came under the care of Dr. Gluck who diagnosed his condition as "pneumono-coniosis secondary to his occupational exposure to porcelain dust during the period from 1952 to 1962" and advised claimant that he was totally disabled. Based on this report, the case was reopened and causally related total disability due to silicosis, as of May 5, 1962, was determined.

Appellant contends that fixing the date of total disablement as of May 5, 1962 was completely arbitrary and unsupported by the record, and that the date of disablement should have been set as of June 6, 1958.

The issue of the date of disablement is a question of fact to be resolved by the board, and the board has some latitude in the choice of dates as long as its determination is founded on substantial evidence. (Workmen's Compensation Law, § 42; *Matter of Guardi* v. *General Elec. Co.*, 30 A D 2d 738, mot. for lv. to app. den. 22 N Y 2d 644; *Matter of Richardson* v. *National Container Corp.*, 23 A D 2d 904; *Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603.) Substantial evidence supportive of the board's determination of the date of disablement is found in this record.

Appellant's further contention that the claim is barred by section 123 of the Workmen's Compensation Law, and cannot be reopened since more than seven years elapsed since the date of accident or disablement, is equally without merit, since the claim was reopened on July 1, 1965 and disability was determined to have occurred on May 5, 1962. Thus, the seven-year period prescribed by section 123 did not commence to run until May 5, 1962. (Workmen's Compensation Law, § 38.)

Appellant's contention that the claim was not timely filed under section 28 is also without merit. The claim was filed on August 5, 1958, four years prior to the date of total disablement as determined by the board. Section 28 requires the

filing of a claim within two years after the date of accident or disablement when read with section 38. Here the claim was filed prior to the actual date of disablement and was, therefore, timely filed, there being nothing in the Workmen's Compensation Law which prevents the filing of a claim as a precautionary or protective measure in a silicosis case, particularly where the claimant has reason to believe that he may have silicosis, although he may not at the time of filing be able to establish total disablement by reason thereof. (*Matter of Ward* v. *Merritt, Chapman & Scott,* 30 A D 2d 1010.)

Further, the board's determination that the case was " open and pending " is a determination of fact that the case was not actually closed on April 20, 1959, but was being held in abeyance pending reasonably foreseeable further proceedings. " Whether in a given case further proceedings were contemplated is a factual issue." (*Matter of Stoever* v. *Sheraton Astor W. L. Hotel Operating Co.,* 29 A D 2d 597, 598.) Based on the record here, the board could reasonably reach the conclusion rendered.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

GIBSON, P. J., HERLIHY, REYNOLDS and COOKE, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.