In the Matter of the Claim of MINDON H. WOODWARD, Respondent, v. ST. JOSEPH LEAD COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board finding that claimant was permanently totally disabled from causally related silicosis, an occupational disease. Appellant first asserts that the rendering of the decision by a Referee other than the Hearing Referee was in violation of section 20 of the Workmen's Compensation Law. Appellant, however, made no objection to the transferal at the time and its counsel fully participated, by way of cross-examination, after the transferal thus negating any possible allegation of prejudice by the transfer. Failure to object at the time of transferal and its subsequent participation thereafter constituted a waiver by appellant as to this issue and, therefore, precludes raising any objection at this juncture. Nor do we find any merit on the instant record for appellant's assertion that the finding of causal relationship is not supported by substantial evidence. Even assuming that there was a conflict in the medical testimony, which we are not even sure exists here in that there was no testimony that claimant did not have silicosis and the testimony of appellant's experts can be construed to be consistent with a finding of silicosis, the board's resolution of this issue is amply supported by substantial evidence in the testimony of Dr. Brock (*Matter of Groff* v. *National Gypsum Co.*, 18 A D 2d 481). Finally, appellant urges that the claim was not timely filed. Since, by virtue of section 28 of the Workmen's Compensation Law, the time for claimant to file is measured from the date of disablement, his filing on December 29, 1964 was well within the two-year limitation assuming the propriety of the date of January 16, 1963, the undisputed date on which claimant ceased work, found by the board as the date of disablement. The date of disablement is a factual issue and thus for the board's

determination (*Matter of Guardi* v. *General Elec. Co.*, 30 A D 2d 738). And as long as there is substantial evidence to support the determination, the board may properly choose the date when claimant quit work (*Matter of Scimeni* v. *Welbilt Stove Co.*, 32 A D 2d 364). Substantial evidence supportive of the board's determination is found in this record. Moreover, the failure to timely file under section 28 is waivable (*Matter of Rizzo* v. *Ilacqua*, 11 A D 2d 583) and the failure to object for want of a timely filing at the first hearing is sufficient to constitute a waiver to the bar of section 28 as a matter of law (*Matter of Harley* v. *Walsh Constr. Co.*, 14 A D 2d 614, 618). Accordingly, since appellant raised no such objection it waived any defect under section 28. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.