■ In the Matter of the Claim of AARON BARNETT, Respondent, v. EDMUR BAKING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed July 31, 1970, which determined that claimant had contracted an occupational disease while employed by appellant and ruled that the claim therefor had been timely filed. Respondent, a baker for over 35 years, testified that in 1967 he began to experience pain in his eyes, accompanied by itching and burning. The board found that respondent had sustained occupational allergic conjunctivitis and rhinitis " due to the nature of * * * [his work for appellant] which * * * brought him in contact with grain products ", and established " the date of disability * * * [as] April 10, 1967, which is the date the condition was diagnosed ". Appellant does not contest the finding of occupational disease but contends that the date of disablement was improperly fixed by the board; that the disease was not contracted within the time limits prescribed by section 40 of the Workmen's Compensation Law and that respondent failed to give proper notice (Workmen's Compensation Law, § 45). Date of disablement is such date " as the board may determine on the hearing on the claim " (Workmen's Compensation Law, § 42), and such determination will be upheld if supported by substantial evidence (*Matter of Scimeni* v. *Welbilt Stove Co.*, 32 A D 2d 364). The board may set as the date of disablement the date on which physical impairment in the nature of an occupational disease was diagnosed. Where no medical finding of occupational disease is initially made but such condition is established upon later diagnosis, the board may properly set the date of the latter diagnosis as the date of disability (*Matter of Zambrona* v. *Renell Bake Shop*, 34 A D 2d 707). In the instant case respondent had experienced certain symptoms of rhinitis and conjunctivitis since 1962, however no diagnosis linking his condition to his occupation was made until April 10, 1967, when an allergist determined that he suffered from occupational allergic vasomotor rhinitis. The board's fixing of such date as the date of disablement was thus supported by substantial evidence and must be upheld (*Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603). Appellant next contends that if the board's determination of date of disablement is proper, the claim is barred by section 40 of the Workmen's Compensation Law, since respondent's contraction of the disease allegedly would have preceded the date of disablement by more than one year. Section 40, however, provides that " The time limit for contraction of the disease * * * shall not bar compensation in the case of an employee who contracted the disease in the same employment with the same employer by whom he was employed at the time of disablement and who had continued in the same employment with the same employer from the time of contracting the disease up to the time of his disablement thereby ". Appellant's medical witness admitted that respondent's condition was due to the products he was working with in his employment. Although respondent had been diagnosed as suffering from rhinitis and conjunctivitis prior to his employment by appellant, his medical record indicates he was not incapacitated thereby and that complaints indicating the severity of his condition were not made until about one year and a half prior to the diagnosis of occupational rhinitis and conjunctivitis. The record contains substantial evidence that this employment contributed to the

development of the condition and thus aggravated it (*Matter of Darman* v. *National Mobile Tel. Serv.*, 30 A D 2d 1007). " The aggravation of an underlying condition in the last employment may constitute the contraction of a disease" within the meaning of section 40 (*Matter of Miltz* v. *Dojay Knitting Mills*, 33 A D 2d 608, 609). Nor do we find merit in appellant's contention that respondent's notice was untimely. Since the date of disablement was fixed at April 10, 1967 and notice given the following month, the 90-day provision prescribed by section 45 of the Workmen's Compensation Law was clearly satisfied. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.