■ In the Matter of the Claim of MAY CUMMINGS, Respondent, v TENNECO CHEMICALS DIVISION, AMERICAN PLASTICS, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 31, 1974, which reversed a decision of the referee and found that occupational disease, notice and causal relationship were established, and that the date of disablement is when claimant last worked in July, 1968. Claimant commenced work with the employer, a manufacturer of plastic products, in September of 1955. In the course of her employment claimant was constantly exposed to heavy concentrations of dust, and the fumes of many pungent and volatile chemicals. In 1959, claimant first experienced respiratory difficulties, and was disabled from work between March 23 and September 10 of that year. In February of 1960, a machine in appellant's plant exploded and claimant was overcome by smoke. From that time on until claimant ceased working in 1968, she had been under frequent treatment for a variety of respiratory problems including laryngitis, nasal and lung congestion, asthmatic attacks and bronchitis. Claimant missed approximately five months of work in 1963, two weeks in 1965, a short period of time in 1966, two days in August, 1967, and intermittent time in 1968 until she finally ceased working for appellant in July of that year, and claimant has not worked for appellant or any other employer since. The board has found that claimant sustained an occupational disease, bronchial asthma, due to lung exposure to chemicals and fumes at work. Upon review of the record we find that this decision is supported by substantial evidence, and, therefore, must be affirmed. The board further found that claimant's date of disablement was July, 1968 when claimant last worked for appellant. Appellants' main contention on this appeal is that the decision of the board fixing the date of disablement in July, 1968 is not supported by substantial evidence and is contrary to law. We disagree, finding ample authority under which the board is empowered to fix the date of disablement on the date which the claimant has last worked *(Matter of Woodward v St. Joseph Lead Co.,* 33 AD2d 850; *Matter of Scimeni v Welbilt Stove Co.,* 32 AD2d 364; Workmen's Compensation Law, § 42). In *Scimeni (supra),* this court upheld a finding of the board that claimant in that case was disabled as of the last day of work in 1962, even though the claimant had first been hospitalized during June of 1958. While

*Matter of Ryciak v Eastern Precision Resistor* (12 NY2d 29) upheld the power of the board to fix the date of disablement at the time of the first medical treatment before wage loss, we stated in *Matter of Montalvo v Pioneer Pizza Pie Corp.* (20 AD2d 603) that *Ryciak* does not state a rigid and inflexible rule as to when the date of disablement can be established, and we now reaffirm that view. Section 42 of the Workmen's Compensation Law gives the board the power to fix the date of disablement, and such a finding is factual in nature; the *Ryciak* decision in upholding a determination of the board which made the compensation carrier liable for medical payments incurred before the claimant had ceased work, broadened rather than restricted the power of the board to fix any date of disablement supported by the evidence where the spirit and purpose of the occupational disease provisions of the Workmen's Compensation Law would thereby be furthered. It is pertinent to note that the Legislature has provided for measuring the timeliness of claims against the date of disablement rather than the date upon which an occupational disease is first contracted. A distinction is thus recognized between the initial contraction of a disease and the time when a claimant is first disabled from employment thereby. To hold that the present claimant is barred by limitations of time from filing a claim because she successfully attempted to continue to work as long as she possibly could would be clearly contrary to the spirit and intent of this benevolent legislation. Appellants' reliance upon *Matter of Blumenfeld v Reefer-Galler* (9 AD2d 990) is misplaced. In that case, the claimant ceased working for the employer against whom compensation was chargeable in 1950. On that basis, and on that basis alone, this court held that the determination of the board fixing the date of disablement in 1954 was not supported by the evidence. We have examined the remainder of appellants' contentions and find them to be without merit. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.