■     In the Matter of the Claim of SALVATORE FALCONE, Respondent, v WESTERN ELECTRIC COMPANY, INC., Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 12, 1978, finding claimant's date of disablement to be July 30, 1973. Claimant was employed in the enameling department of Western Electric Company, Inc., from 1948 to 1975. The employer used polyurethane, a substance containing toluene dusocyanate (TD1), in its enameling department on an experimental basis from 1957 until 1966, when the use of polyurethane continued on a regular basis through the remainder of claimant's employment. In 1966, claimant began experiencing respiratory problems. He reported these problems to the plant medical department on February 15, 1966, and was placed on a temporary restriction of no exposure to polyurethane fumes. In May of 1966, claimant himself consulted Dr. Francis E. Ehret, an internist and allergist, concerning his condition. Dr. Ehret, in a report dated May 13, 1966 to the Workers' Compensation Board, diagnosed claimant as having recurrent bronchial asthma related to the polyurethane at work. He recommended that claimant be removed from the area where polyurethane was used. The plant physician, pursuant to Dr. Ehret's recommendation, placed claimant on a permanent restriction of no exposure to polyurethane at that time. Promptly thereafter, Western Electric Company, Inc., reported the case to the Workers' Compensation Board. Dr. Ehret testified that claimant developed a permanent sensitivity to TD1 or polyurethane in 1966. There is no disagreement with Dr. Ehret's opinion. Claimant continued working in the enameling department on the same job avoiding exposure to TD1 until 1975, but has had respiratory problems, and has taken medication for these problems regularly since 1966. In 1975, claimant was transferred out of the enameling department because the increased use of polyurethane made it impossible to avoid exposure while working in that department. Claimant lost time from work between July 30, 1973 and August 3, 1973 because of his respiratory problems. The board held the case in abeyance and did not index it until February 26, 1975. By a decision filed January 18, 1978, the board found "occupational disease, notice and causal relationship established for chronic obstructive pulmonary disease (TD1 exposure)." Upon review of this decision, the board modified by decision filed October 12, 1978, holding the date of disablement to be July 30, 1973, the first date of lost time as a result of exposure and discharged the Special Fund under section 25-a of the Workers' Compensation Law from liability. Section 42 of the Workers' Compensation Law provides that "For the purposes of this article the date of disablement shall be such date

as the board may determine on the hearing on the claim." It has been repeatedly held that the date of disablement is a factual question, and should be upheld if supported by substantial evidence (*Matter of Cummings v Tenneco Chems. Div., Amer. Plastics,* 53 AD2d 944; *Matter of Woodward v St. Joseph Lead Co.,* 33 AD2d 850; *Matter of Scimeni v Welbilt Stove Co.,* 32 AD2d 364). Dr. Ehret testified that after May 13, 1966, he did not see claimant until October 15, 1971, when claimant had a typical nasopharyngitis and a mild bronchitis. He stated that as of 1975 claimant had chronic obstructive pulmonary disease which was permanent, the culmination of the exposure up to 1975. He conceded that claimant's sensitivity to polyurethane in 1966 was not disabling. Appellant's contention that claimant sustained a permanent sensitivity in 1966 is contrary to the testimony that the condition in 1966 was reversible, and that there was no permanent disability at that time, and no treatment or loss of time from work in the ensuing period of over five years. The finding of date of disablement is supported by substantial evidence. Decision affirmed, with costs to Special Funds Conservation Committee against the employer. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.