■ In the Matter of the Claim of IDA GUDE, Respondent, v ELM COATED FABRICS DIV. OF W. R. GRACE CO. et al., Appellants, and CNA INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 21, 1979, which held that claimant's date of disablement was March 20, 1973. This is an occupational disease claim pursuant to section 3 (subd 2, par 30) of the Workers' Compensation Law. Claimant had worked for Elm Coated Fabrics for 11 years in an environment causing him to be exposed to dust, fumes and heat. On March 20, 1973 claimant consulted his doctor complaining of shortness of breath and chest pains. X-ray examination revealed the condition of pulmonary fibrosis and emphysema. On May 1, 1973, following an absence of six weeks, claimant was permitted to return to work. On August 24, 1973

claimant became disabled from continuing his employment. In November, 1973, claimant's doctor filed a C-4 form in which he declared that claimant's employment was a competent producing cause of claimant's disability. The issue posited is whether Maryland Casualty Co. (Maryland) is liable for payment of benefits because it was the employer's compensation carrier on March 20, 1973 at the time claimant first consulted his doctor and was diagnosed, or, whether the onus of payment falls on CNA Insurance Company (CNA), the carrier on the risk on August 24, 1973 when claimant became totally disabled because of the disease of emphysema. The referee, affirmed by the board, determined that the date of disablement was March 20, 1973; that Maryland was responsible for the payment of benefits, and, further, that Maryland had to reimburse CNA for all payments previously paid to claimant. The employer and Maryland appeal. Fixing the date of disablement by occupational disease is a factual issue for the board and must be upheld if supported by substantial evidence (*Matter of Smith v Ingersoll-Rand Co.*, 50 AD2d 988; *Matter of Barnett v Edmur Baking*, 37 AD2d 653; *Matter of Scimeni v Welbilt Stove Co.*, 32 AD2d 364; *Matter of Arnold v Ford Foundation*, 28 AD2d 1053; Workers' Compensation Law, § 42). Here, claimant's doctor testified that claimant was disabled when he first examined him on March 20, 1973. This medical proof, accepted by the board, is substantial evidence supportive of the board's determination. Further, the Court of Appeals in *Matter of Ryciak v Eastern Precision Resistor* (12 NY2d 29) concludes that the Workers' Compensation Board may fix as the "date of disablement" for a sufferer of an occupational disease the date when he first received medical treatment and thus impose liability on the risk as of that date. Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.