(June 29, 1989)

■ In the Matter of the Claim of RICHARD BISHOP, Respondent, v ST. JOE MINERALS, Appellant, and SPECIAL DISABILITY FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.)—Harvey, J. Appeals from three decisions of the Workers' Compensation Board, filed July 9, 1982, October 25, 1985, and July 18, 1988.

Claimant worked in the lead mines of St. Joe Minerals, a self-insured employer, from 1930 to 1943. He stopped working on May 15, 1943 and filed a claim for workers' compensation benefits apparently due to a problem with his lungs which was later identified as silicosis. A hearing was held and the Workers' Compensation Law Judge (hereinafter WCLJ) found, in an April 17, 1944 decision, that claimant was partially disabled and not entitled to compensation under the then-existing statutory provisions for silicosis and dust diseases. However, in the interest of justice the WCLJ also approved an "adjustment" to claimant in the amount of $1,550, which was agreed to by claimant and the employer, and which was to be paid by the employer through the Bureau of Rehabilitation. At some point thereafter, the file in this proceeding was destroyed. Claimant returned to the work force as a carpenter for almost 20 years thereafter until he suffered a leg injury in 1962. Claimant never returned to work after that injury and collected Social Security disability benefits from 1962 until 1971. In November 1978, claimant's treating physician since 1976, Dr. Abdul Bashir, filed a C-27 report of changed medical condition with the Workers' Compensation Board stating that claimant was unable to do any work. Claimant then applied in July 1979 to reopen his silicosis claim against the employer based upon the change in his condition of partial disability in 1944 to his subsequent total disablement from any type of

work. Several hearings were held which ultimately produced decisions from the Board holding, among other things, that claimant's claim was timely filed and not barred by Workers' Compensation Law § 123 and that liability for claimant's continuing medical expenses after reopening should not be shifted to the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a. The Board also held that claimant became permanently disabled from silicosis on September 13, 1976 and made awards from that date. During the pendency of these proceedings, claimant died and a death claim was filed by his estate. The employer appeals.

Initially, the employer contends that the Board erred by not concluding that Workers' Compensation Law § 123 operated to bar this claim. This statute provides that, although the Board's jurisdiction to consider each case is continuing: "no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death" (Workers' Compensation Law § 123).

In occupational disease claims, the Workers' Compensation Law provides that "[t]he disablement of an employee resulting from an occupational disease * * * shall be treated as the happening of an accident" for purposes of computing the seven-year limit set out in Workers' Compensation Law § 123 (Workers' Compensation Law § 38). In the case at bar, the Board found that September 13, 1976 was the date of disablement and, therefore, the reopening of the case in 1978 was timely and within the seven-year limit set out in section 123. According to the employer, the Board's determination of the date of disablement was clearly irrational since the evidence allegedly supports a finding that claimant was actually totally disabled from silicosis in 1944.

We do not agree with this contention. The Workers' Compensation Law provides that "the date of disablement shall be such date as the board may determine on the hearing on the claim" (Workers' Compensation Law § 42). It is well settled that the fixing of the date of disablement is a factual question for the Board and the Board has "some latitude in the choice of dates as long as its determination is founded on substantial evidence" (*Matter of Scimeni v Welbilt Stove Co.*, 32 AD2d 364, 366; *see, Matter of Gude v Elm Coated Fabrics Div.*, 79

AD2d 786; *Matter of Falcone v Western Elec. Co.,* 72 AD2d 644, *lv denied* 48 NY2d 612). In making this determination, the Board is not bound to select the earliest possible date of disablement nor is it required to give preference to certain events over others.

Here, the WCLJ specifically found that claimant was only partially disabled at that time and was not entitled to a compensation award since any partial disablement occurring prior to 1974 would not constitute an accident or injury for the purposes of statutory time limitations *(see, Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 2 AD2d 946).* The fact that the WCLJ approved an "adjustment" of $1,550 in the interest of justice does not alter this determination since, even if this amount was considered to be an award of compensation, such an award for silicosis would be erroneous as a matter of law and could have no preclusive effect upon either claimant or the Board *(see, Sinacore v Dreier Structural Steel,* 97 AD2d 659). Notably, claimant's subsequent return to the work force after the 1944 decision lends support for the Board's conclusion that he was only partially disabled in 1944. As it stands, the Board's determination that claimant became disabled on September 13, 1976, the earliest date of any medical finding of total disablement, is amply supported by the record and this court finds no basis for disturbing that determination.

Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.

---

* Since the date of total disablement also commences the seven-year limitations period under Workers' Compensation Law § 25-a, the employer's contention that its liability should be shifted to the Special Fund pursuant to that statute is similarly lacking in merit *(see, Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 2 AD2d 946).