■ In the Matter of the Claim of THOMAS MACVITTIE, Appellant, v GUTERL SPECIALITY STEEL COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.— Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed January 25, 1988.

Claimant suffered an occupational loss of hearing and appeals from a decision of the Workers' Compensation Board that his claim for compensation benefits is premature because he is still subjected to injurious noise exposure (see, Workers' Compensation Law § 49-bb). We affirm. At the hearing, claimant testified that he was employed by New York State Electric & Gas Company (hereinafter NYSEG), that he worked outside "a lot", that he did not wear noise protectors when working outside because he had to be able to hear a radio, and that when working outside he was subjected to noise from coal and limestone being unloaded from railroad cars into hoppers. In our view, this constituted substantial evidence to support the Board's determination that claimant continued to be exposed to injurious noise and was not, accordingly, disabled within the meaning of Workers' Compensation Law § 49-bb (see, Matter of Gude v Elm Coated Fabrics Div., 79 AD2d 786, 787; Matter of McGoldrick v New York Post, 20 AD2d 595). Finally, we concur with the parties that the Board's findings are not binding upon NYSEG, a nonparty. Thus, lack of notice to NYSEG provides no basis for reversal (see, Liss v Trans Auto Sys., 68 NY2d 15, 21-22).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.