■ In the Matter of the Claim of WILLIE HINTON, Respondent, v ACME STEEL & MALLEABLE IRON WORKS et al., Appellants-Respondents, and STATE INSURANCE FUND, Respondent. SPECIAL FUNDS CONSERVATION COMMITTEE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [663 NYS2d 693] —Yesawich Jr., J. Appeals from two decisions of the Workers' Compensation Board, filed August 1, 1995 and July 15, 1996, which, *inter alia*, ruled that the reopening of the claim was not barred by Workers' Compensation Law § 123.

Claimant was employed by Acme Steel & Malleable Iron Works at an occupation involving substantial exposure to airborne dust and particulates from 1950 until 1970. In July 1970, having sought medical attention for breathing difficulties and been diagnosed as suffering from silicosis, claimant left his job, as advised by his doctor, and filed for workers' compensation benefits. After a hearing, the claim was denied, and the case closed, because claimant's disease was found at that time to be only partially disabling (*see*, Workers' Compensation Law former § 39; *Matter of Blair v Bendix Corp.*, 85 NY2d 834, 835).

In 1980, claimant requested that his case be reopened, contending that his condition had worsened in the intervening years, to the point that he had become totally disabled. Since medical reports prepared in 1979 and 1980 purportedly substantiated his assertion, the Workers' Compensation Board reopened the case. Further hearings were held, following which the Workers' Compensation Law Judge again found that no

compensable occupational disease had been established. That decision, initially affirmed by the Board, was later rescinded and the Board remitted the case for further testimony. After a spate of hearings, decisions and administrative appeals, the Board eventually found that claimant was totally disabled by silicosis causally related to his employment with Acme, with a date of disablement of May 30, 1979.

The State Insurance Fund, Acme's insurer in 1979, was then placed on notice and appeared in the case. With respect to the issue of coverage, however, the Board ultimately concluded that Acme, which had been self-insured on July 20, 1970, the date of claimant's last exposure to the condition that caused his disease, was liable for the benefits due claimant. Acme and the Special Funds Conservation Committee* have appealed from the Board's decisions of August 1, 1995 and July 15, 1996, wherein it adhered to its prior findings of occupational disease, causation and coverage.

The contentions raised by Acme and the Special Funds Conservation Committee are unpersuasive. The hearing testimony and medical reports in evidence provide ample foundation for the Board's conclusions with respect to the extent and cause of claimant's disability. While there was conflicting proof, the Board resolved the conflicts in claimant's favor, as it is entitled to do (*see, Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801; *Matter of Ronda v Edenwald Contr.*, 216 AD2d 741).

In this regard, the evidence cited by the Board—particularly the testimony of Jerome Maurizi, a physician whose subspecialty is in pulmonary diseases—establishes that claimant's lung disease progressed in the years after he retired, and that, as a result of this progression, claimant became totally disabled by mid-1979. Although claimant also suffered from an unrelated cardiac condition, significantly the Board's finding that he "is totally disabled solely due to the effects of silicosis", rather than the heart problem, finds support in Maurizi's

---

* There has also been a finding—not contested at this time—that the case comes within the purview of Workers' Compensation Law § 15 (8) (ee), whereby the employer or carrier may be reimbursed from the Special Disability Fund (*see*, Workers' Compensation Law § 15 [8] [h]), for certain payments made beyond the initial 104 weeks of benefits. Although it has not filed a brief on appeal, the Special Funds Conservation Committee, which apparently represents the interests of this fund, has continually argued that the Board was not empowered to reopen the case when it did, that the establishment of May 30, 1979 as the date of disablement is arbitrary and capricious, and that the medical testimony is inadequate to support the finding of total disablement by occupational dust disease.

testimony, which was corroborated by several other physicians who agreed that the latter condition, improved by surgery, was not disabling (*compare, Matter of Blair v Bendix Corp.*, 85 NY2d 834, 836, *supra; Matter of Fowler v International Talc Co.*, 50 AD2d 633, 634).

It is also within the Board's province to determine the date of disablement (*see, e.g., Matter of Barnett v Edmur Baking*, 37 AD2d 653; *Matter of Scimeni v Welbilt Stove Co.*, 32 AD2d 364, 366). Given the earlier finding that claimant was only partially disabled when he voluntarily left his job in 1970, coupled with Maurizi's testimony as to the advancement of the disease and his opinion that claimant was first found to be totally disabled after being admitted to the hospital for breathing difficulties in 1979, the Board's decision to utilize the date of that admission for this purpose has a substantial basis in the record (*see, Matter of Bishop v St. Joe Mins.*, 151 AD2d 917, 918, *lv denied* 75 NY2d 709). That being so, the Board did not exceed its authority when it reopened claimant's case in 1980, well within seven years after the actual date of disablement (*see, id.*, at 918; *Matter of Anderson v Symington Wayne Corp.*, 38 AD2d 769, 770, *affd* 31 NY2d 860; *Matter of Scimeni v Welbilt Stove Co.*, *supra*, at 366).

Nor did it err in imposing liability on Acme, which was self-insured at the time of claimant's last exposure, rather than on the State Insurance Fund. In a silicosis case, the statute governing the liability of successive employers (Workers' Compensation Law § 44-a; *compare*, Workers' Compensation Law § 44) applies to successive insurers as well (*see, Matter of Greco v Travelers Ins. Co.*, 283 App Div 762, 763); as a consequence, the insurer on the risk at the time of the claimant's last exposure, not the date of disablement, has the burden of payment (*see, id.; Matter of Kotakis v L & J Concrete Corp.*, 39 AD2d 788, 788-789, *lv denied* 30 NY2d 488; *Matter of Trentin v Civetta Contr.*, 10 AD2d 745).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the decisions are affirmed, without costs.