■ In the Matter of JOHN W. LEARY, Appellant, v NYC BOARD OF EDUCATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 616]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed March 20, 2006, which ruled that claimant's claim could not be reopened pursuant to Workers' Compensation Law § 123.

Claimant was employed for approximately 20 years as a steam fitter working on, among other things, boilers and pipes. The duties of his job allegedly resulted in frequent exposure to asbestos and to a dusty environment. He reportedly suffered from asthma and, upon learning from a doctor in September 1995 that an X ray of his lungs indicated asbestosis, he filed a workers' compensation claim in May 1996 alleging exposure to asbestos at the job. He did not contend at that time that he was unable to work. By decision rendered in February 1997, which became final in May 1997, the Workers' Compensation Board found "[n]o medical evidence of causally related disability" and stated that the case could be "reopened upon receipt of prima facie medical evidence," but that "[n]o further action is planned or expected by the Board at this time."

In October 2003, claimant requested that his claim be reopened because he had obtained prima facie medical evidence to establish occupational lung disease and he had stopped working in September 2003. The employer raised the defense of Workers' Compensation Law § 25-a and notice was given to the Special Funds Conservation Committee, which asserted Workers' Compensation Law § 123 as a defense to reopening the claim. Following a hearing, the Workers' Compensation Law Judge authorized a CT scan, found Workers' Compensation Law § 25-a inapplicable, did not address Workers' Compensation Law § 123, and did not establish a date of disablement. Upon review, the Board determined that Workers' Compensation Law § 123 prohibited reopening the claim based on its determination that the case had been closed without a finding on the merits and without an award, and more than seven years had elapsed since the accident. Claimant appeals.

It is generally within the discretion of the Board whether to exercise its power to reopen a prior determination (*see Matter of*

*Cagle v Judge Motor Corp.*, 31 AD3d 1016, 1017 [2006], *appeal dismissed* 7 NY3d 922 [2006]; *Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 775 [2003]). Workers' Compensation Law § 123 sets some limits on that discretion, providing that "no claim for compensation . . . that has been . . . disposed of without an award after the parties in interest have been given due notice . . . and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death." When addressing an occupational disease, the seven-year period referred to in Workers' Compensation Law § 123 runs from the date of disablement (*see* Workers' Compensation Law § 38; *Matter of Bishop v St. Joe Minerals*, 151 AD2d 917, 918 [1989], *lv denied* 75 NY2d 709 [1990]). The Board, however, has considerable latitude in establishing a date of disablement (*see Matter of Ryciak v Eastern Precision Resistor*, 12 NY2d 29, 32 [1962] [date when medical care needed before loss of wages]; *Matter of Fredenburg v Emerson Power Transmission*, 2 AD3d 1129, 1131 [2003] [date of first treatment for significant aggravation of condition]; *Matter of Hinton v Acme Steel & Malleable Iron Works*, 243 AD2d 993, 995 [1997] [date of admission to hospital]; *Matter of Bishop v St. Joe Minerals, supra* at 918-919 [date of medical finding of total disability]; *Matter of Cummings v Tenneco Chems. Div., Am. Plastics*, 53 AD2d 944, 945 [1976] [date the claimant last worked]). "In making this determination, the Board is not bound to select the earliest possible date of disablement nor is it required to give preference to certain events over others" (*Matter of Bishop v St. Joe Minerals, supra* at 919).

Here, the Board never made a determination regarding a date of disablement in its decision. It merely held that more than seven years had lapsed, but failed to set forth the date from which it was running the seven-year period. The employer's contention that either the date of first diagnosis (i.e., September 1995) or the date of the first claim for compensation (i.e., April 1996) was implicitly adopted by the Board and should serve as a basis to uphold its determination is unpersuasive. As we have previously indicated, review under such circumstances would be based upon speculation rather than whether the Board's determination was supported by substantial evidence (*see Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d 774, 775-776 [2002]; *see also Matter of Coursey v Applied Minds, Inc.*, 13 AD3d 865, 866 [2004]). Moreover, disablement dates much later than those suggested by the employer have been previously upheld in occupational disease claims (*see e.g. Matter of Hinton v Acme Steel & Malleable Iron Works, supra*; *Matter of Bishop v*

*St. Joe Minerals, supra; Matter of Scimeni v Welbilt Stove Co.,* 32 AD2d 364 [1969]). The Board's decision must thus be reversed and the claim remitted for further proceedings.*

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Worker's Compensation Board for further proceedings not inconsistent with this Court's decision.

 ---

* As urged by Special Funds, this revives the Workers' Compensation Law § 25-a issue (which the Board found was moot in light of its decision to disallow the claim under Workers' Compensation Law § 123).