■ In the Matter of the Claim of DANIEL DURKOT, Appellant, v NEWSDAY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [56 NYS3d 370]—

Clark, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed February 8, 2016, which ruled that setting the date of disablement for the purposes of a schedule loss of use award was premature pursuant to Workers' Compensation Law § 49-bb.

In 2010, claimant, a pressman at a newspaper company, applied for workers' compensation benefits claiming hearing loss due to long-term exposure to workplace noise. A Workers' Compensation Law Judge determined that claimant suffers from work-related bilateral sensorineural hearing loss and tinnitus, but that setting a date of disablement for the purposes of a schedule loss of use award was premature pursuant to Workers' Compensation Law § 49-bb because claimant continued to work in the same position and be exposed to the same workplace noise. In 2013, claimant's request for a schedule loss of use award was again found to be premature due to his continued exposure to workplace noise. Requests for awards filed in November 2014 and December 2014 were similarly denied as premature.

In March 2015, claimant again requested a schedule loss of use award. Following a hearing, the Workers' Compensation Law Judge found that, insofar as claimant was still being exposed to workplace noise, nothing had changed since the previous decisions and that the setting of the date of disablement for purposes of a schedule loss of use award continued to be premature pursuant to Workers' Compensation Law § 49-bb. This determination was affirmed by the Workers' Compensation Board, prompting this appeal.

We affirm. As relevant here, compensation for occupational hearing loss shall become due three months after "removal from exposure to harmful noise in employment (removal from exposure to harmful noise in employment for the three[-]month waiting period may be achieved by use of effective ear protection devices provided at the expense of the employer)" and "[t]he last day of such period of removal from such exposure or of separation from such work shall be the date of disablement" (Workers' Compensation Law § 49-bb). The three-month waiting period after the last exposure to the workplace noise is intended "to permit accurate appraisal of the supposed hearing loss" (*Matter of McGoldrick v New York Post*, 20 AD2d 595, 595 [1963]). Whether a claimant continues to be exposed to harmful workplace noise pursuant to Workers' Compensation Law § 49-bb is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (*see Matter of MacVittie v Guterl Speciality Steel Co.*, 154 AD2d 751, 751 [1989]; *Matter of Gude v Elm Coated Fabrics Div. of Grace Co.*, 79 AD2d 786, 787 [1980]).

Claimant contends that he has been removed from the workplace noise for the requisite time period. Claimant testified that he was exposed to workplace noise beginning in 1977 and that he has always worn the earplugs or headphones provided by the employer for protection from the noise. The statute requires, however, as relevant here, that claimant be removed from exposure to the harmful noise by "use of effective ear protection devices" (Workers' Compensation Law § 49-bb). In light of claimant's continued use of, for the three months in question, the same method of hearing protection against the workplace noise that he used while contracting occupational hearing loss, we conclude that substantial evidence supports the Board's decision that claimant has not established, for the purpose of an accurate appraisal of his hearing loss, that he has been removed from the noise for the requisite time period (*see Matter of MacVittie v Guterl Speciality Steel Co.*, 154 AD2d at 751).* We note that the statute requires claimant to use effective protection, but that it would be at the employer's expense (*see* Workers' Compensation Law § 49-bb). It does not appear, however, that claimant has availed himself of such protection, other than continuing to use the same devices he was wearing at the time that he contracted the hearing loss.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* While there was evidence presented that the protection provided by the employer was within Occupational and Safety Health Administration guidelines, claimant was found to have contracted an occupational hearing loss due to exposure to workplace noise, notwithstanding the absence of any Occupational and Safety Health Administration violations (*see generally Matter of Fredenburg v Emerson Power Transmission*, 2 AD3d 1129, 1130 [2003]).