Chief Judge Desmond.
The'law question is this : may the Workmen’s Compensation Board fix as the “date of disablement ’ ’ for a sufferer from an occupational disease the date when he first received medical treatment and thus impose liability on the carrier for the cost of medical treatment after that date even when there is no loss of earnings, or must the ‘ ‘ date of disablement ” for such purposes be deferred until the workman actually loses time from work? The referee and the board held in favor of claimant but the Appellate Division, reversed so much of the board’s order as directed payment of medical expenses incurred prior to the date when loss of wages began.
Claimant contracted an occupational dermatitis while in this employer’s service and received his first medical treatment therefor on February 23, 1959 but continued to work until October, 1959. The board (confirming its referee) fixed the date of disablement as February 23, 1959. The Appellate Division, citing its earlier cases of Matter of Muniak v. ACF Ind. (6 A D 2d 923) and Matter of Harris v. Silver Cr. Precision Corp. (13 A D 2d 859), said that under the statute (Workmen’s Compensation Law, § 2, subd. 7; § 13, subd.. [a]; § 37, subd. 1; §§ 38, 39) the conclusion is unavoidable that no liability for medical expense accrues until there has been disablement from earning wages.
Appellant board argues that this ruling offends against justice and is against the public interest since it compels an occupational disease sufferer who wishes to keep on working to quit work (and collect more compensation) in order to get his medical bills paid. The Appellate Division seems to admit the injustice but says that the remedy lies with the Legislature, basing this conclusion on a reading of the statute which seems at variance with some of the court’s own earlier holdings (see Matter of *32 Cole v. Saranac Lake Gen. Hosp., 282 App. Div. 626; Matter of Stephenson v. Suffolk Sanatorium, 276 App. Div. 1044, and Matter of Reisinger v. Liebmann Breweries, 7 A D 2d 658.)
As it seems to us, the board’s determination and award was not only in accord with the reasonable meaning of the statute but was compelled by a controlling decision, Matter of Slawinski v. Williams & Co. (298 N. Y. 546), and that we must reverse the Appellate Division. Slawinski’s hearing became impaired because of employment conditions but he continued to work without lost time or decrease in earnings. The board and the Appellate Division held (and this court approved) that, although he was-not “ economically ” or “ financially ” disabled, he was disabled in the sense of the statute because he was physically impaired. In Slawinski’s case the employer seems to have furnished the medical care, so liability therefor was not in dispute. But Slawinski demanded and Avas awarded some $1,700 as the “ schedule ” payments for his hearing loss although he lost no time or wages at all. In Slawinski the sole dissenter at the Appellate Division took, and the Appellate Division majority rejected, the same position taken by respondents here: that claimant although physically and occupationally impaired was not “ disabled ” because he lost no time or wages.
Our decision in Matter of Slawinski (supra), although without opinion, necessarily rejected the- statutory constructions approved by the Appellate Division in the present case, and meant as to an occupational disease claim that the employee’s right to compensation and the employer’s corresponding liability accrue no later than the date when the illness requires medical attention. The question in Slawinski was the very one now before us — that is, may the board in an occupational disease case fix a date of disablement as of the time of physical impairment or need of medical care and before any loss of wages? An affirmative answer should again be given. Quite recently in another connection we held (Matter of Mastrodonato v. Pfaudler Co., 307 N. Y. 592, 597, 598) that in a true “ accident ” situation physical or medical impairment ‘ ‘ reflected in medical care required ” is a “disability” in itself regardless of financial impairment.
The order appealed from should be reversed and the decision and award reinstated, with costs.
*33 Judges Dye, Fuld, Fboessel, Van Voobhis, Burke and Fosteb concur.
Order reversed and the decision of the Workmen’s Compensation Board reinstated, with costs to appellant against respondents employer and carrier in this court and in the Appellate Division.