■ In the Matter of the Claim of EUSEVIO MONTALVO, Respondent, v. PIONEER PIZZA PIE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the ground that the board erroneously fixed the date of disablement as of September 29, 1960. Claimant, a preparer of dough for pizza pies, was awarded benefits for 15 days lost from work between February 8, 1958 and September 6, 1961 due to attacks of baker's asthma. The sole issue is the board's selection of September 29,

1960 as the date of disablement. The facts are simple and relatively undisputed. On February 8, 1958 claimant consulted a physician about a cough he had developed. Treatment was commenced immediately, but it was not until September 29, 1960 that a definite diagnosis of baker's asthma was made. Appellants claim that the board as a matter of law had to fix the date of disablement as either the first day claimant was prevented from working due to the asthma or, if no time was lost from work, the first day claimant received treatment. As authority for their position, appellants cite *Matter of Ryciak* v. *Eastern Precision Resistor* (12 N Y 2d 29). First, even if *Ryciak* stands for the proposition advanced by appellants, the board's choice of dates must stand. The record clearly indicates that it was not until September 29, 1960 that baker's asthma was diagnosed and specific treatment for that ailment commenced. It would seem untenable even under appellant's approach to hold that the board must find the date of disablement as of the date of the first treatment of the symptoms of the ailment where such treatment is commenced prior to a definite diagnosis of the ailment itself. Such a holding would mean that a claim could be barred through delay caused by either a failure to make a proper diagnosis of the ailment as an occupational disease or by inability to make a definite diagnosis due to the insidious nature of the illness. Beyond this we do not think *Ryciak* establishes the rigid pattern which appellants claim it does. Section 42 of the Workmen's Compensation Law provides that the date of disablement shall be such date as the board may determine. Thus the determination is factual (*Matter of Weixler* v. *Schlegelmilch Bros.*, 272 App. Div. 850), and the board has some latitude in its choice of dates as long as its determination is founded on substantial evidence (*Matter of Cole* v. *Saranac Lake Gen. Hosp.*, 282 App. Div. 626). *Ryciak* does not, as appellants suggest, limit the board's authority to determine the date of disablement but rather holds that the board in the exercise of its fact-finding powers can fix the date of disablement as of the time of physical impairment or need of medical care and before any loss of wages. Thus *Ryciak*, in fact, sanctions the board's liberality in deciding and setting the date of disablement. There is substantial evidence in the present record to support the board's determination herein. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.