■ In the Matter of LEONA M. SMITH, Appellant, v INGERSOLL-RAND COMPANY, Respondent, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board filed August 20, 1973 which held that the date of disability of claimant's decedent was May 25, 1960. On May 25, 1960 claimant's decedent was admitted to the hospital for evaluation and treatment of silicosis and tuberculosis, and eventually after a hearing before a referee, an award was made with that date found as the date of total disablement. When this finding was made, claimant's decedent had spent 69 days in the hospital, but also had already long since, in fact, returned to work and remained thereat until November, 1971. Claimant now seeks to establish that the date of disablement was not May 25, 1960 but in 1971 because of the effect on his rate of compensation payments. A majority of the board rejected any change in the date of disability but referred the case to the Chairman of the Workmen's Compensation Board to determine whether the claimant is entitled to supplemental benefits pursuant to the provisions of subdivision 9 of section 25-a of the Workmen's Compensation Law. We can find no basis to disturb this determination. While subdivision 2 of section 3 of the Workmen's Compensation Law requires total disability, silicosis does not have to be the sole cause of such disability *(Matter of Harley v Walsh Constr. Co.,* 14 AD2d 614, 616), and the board in an occupational disease case may properly fix a date of disablement at the time of need of medical care and before any actual loss of wages *(Matter of Ryciak v Eastern Precision Resistor,* 12 NY2d 29). Moreover, and most importantly, the fixing of the date of disablement is a factual question for the board and, therefore, must be upheld if supported by substantial evidence (e.g. *Matter of Montalvo v Pioneer Pizza Pie Corp.,* 20 AD2d 603). Such substantial evidence exists here. Accordingly, on the instant record it cannot be said that the board could not properly determine May 25, 1960 as the date of disablement. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.