■ In the Matter of the Arbitration between WALTER E. KLIKOCKI, Respondent, and NEW YORK DEPARTMENT OF CORRECTIONS, MOUNT McGREGOR, Appellant. [628 NYS2d 876] —Casey, J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 11, 1994 in Saratoga County, which, upon reconsideration, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

At issue on this appeal is whether petitioner submitted sufficient evidence of fraud to warrant vacatur of the arbitration award pursuant to CPLR 7511 (b) (1) (i). Petitioner contends that respondent fraudulently destroyed a record which would have been a key piece of evidence in the arbitration. We find insufficient evidence of fraud and reverse Supreme Court's order.

The arbitration arose out of respondent's determination to discharge petitioner, an employee, for misconduct in filing a

claim for workers' compensation benefits based upon a work-related injury when in fact the injury was not work-related. According to petitioner, he broke his elbow in a fall on a set of stairs at work after returning some keys to the administration building. Petitioner's former girlfriend, however, testified that petitioner had injured his arm the previous day when he fell while playing frisbee in a park and did not immediately seek medical attention despite substantial pain. The record which respondent destroyed was a log which, according to petitioner, would have confirmed his testimony that he returned the keys to the administration building shortly before he reported the injury.

"To vacate an arbitration award on the ground of fraud, a party must establish by clear and convincing evidence the existence of fraud, that the fraud would not have been discoverable upon exercise of due diligence prior to or during the arbitration, and that the fraud materially related to an issue in arbitration" (*Imgest Fin. Establishment v Shearson Lehman Hutton*, 172 AD2d 291 [citation omitted]). The "mere suspicion of fraud" is insufficient (*Matter of State Farm Mut. Auto Ins. Co. v Rodriguez*, 121 AD2d 386).

Petitioner's claim of fraud is based upon the theory that respondent acted specifically or deliberately to destroy a critical piece of evidence which had been subpoenaed by petitioner. There is, however, no clear and convincing evidence to support petitioner's claim. To the contrary, the only evidence in the record concerning the destruction of the key log is that it was destroyed along with numerous other old records, including other key logs, when Deputy Superintendent Gerald Sweeney decided to convert a room used for the storage of records into an employees' lounge. Sweeney was not petitioner's supervisor and was not employed at the facility when the misconduct charges against petitioner arose. Nor is there any evidence that Sweeney knew the key log had any relevance to a pending proceeding when he made the decision to destroy numerous old records which included the key log. There is nothing in the record to show that respondent engaged in the wholesale destruction of records as a pretext to deprive petitioner of the key log which he now claims is crucial to his case.

Nor are we convinced that the key log is as crucial as petitioner claims. At best, the log would have confirmed petitioner's presence in the vicinity of the stairs shortly before he reported the injury. The log would have been of no probative value, however, in determining the central issue of the arbitration: whether petitioner actually fell on the stairs and

injured his elbow as he claimed. The arbitration award should not have been vacated on the basis of petitioner's unsubstantiated claim of fraud.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition dismissed and arbitration award confirmed.