■ In the Matter of the Arbitration between COUNCIL 82, AFSCME, AFL-CIO, on Behalf of KIRK MONTGOMERY, Appellant, and NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [636 NYS2d 875] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 15, 1994 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent issued a notice of discipline to Kirk Montgomery, a correction officer, notifying him that it intended to dismiss him based upon three allegations of misconduct. A grievance was filed and, following an arbitration hearing, the arbitrator determined that Montgomery was guilty of two of the three charges which alleged that Montgomery used unnecessary and excessive force on an inmate and then gave a false or inaccurate report concerning the incident. The arbitrator also concluded that, *inter alia,* dismissal was the appropriate penalty. Petitioner thereafter commenced this proceeding on Montgomery's behalf seeking to vacate the arbitrator's award. Supreme Court denied the petition and this appeal followed.

We affirm. Petitioner contends that the arbitrator's award should be vacated pursuant to CPLR 7511 (b) (1) (i), which allows an award to be vacated when a party's rights are prejudiced by "corruption, fraud or misconduct in procuring the award". Specifically, petitioner maintains that the hearing testimony of George Seyfert, an investigator employed by respondent's Inspector General's office, was incomplete or inaccurate for the alleged purpose of bolstering the charges against Montgomery. We reject petitioner's claim that Seyfert's testimony was fraudulent and conclude instead that the claimed inaccuracies created question of credibility for the arbitrator to resolve.

The arbitrator specifically stated that his determination as to petitioner's guilt on the charge of excessive force on the inmate was *not* based on Seyfert's reports, but on other credible evidence, including the medical testimony, which indicated that the inmate's injuries were not consistent with being knocked against the floor while he was being restrained as alleged by Montgomery, but instead were more consistent with injuries resulting from blows from an object such as a fist. Given this proof, the accuracy of Seyfert's report had little relevance even if Seyfert did unfairly minimize Montgomery's statements as to the force reportedly used. Further, with respect to the false report charge, although the arbitrator did note that Seyfert's evidence was relevant to this issue, he also did not find it to be dispositive. Instead, the arbitrator specifically based his finding of guilt on this charge on Montgomery's own testimony, as well as the contrary testimony of other witnesses. Since petitioner failed to establish that fraud or corruption was employed in the procurement of the award, affirmance is required (*see, Matter of Klikocki [New York Dept. of Corrections],* 216 AD2d 808; *Matter of Weller Assocs. [Charlebois],* 169 AD2d 958, 959, *lv denied* 78 NY2d 851).

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.