■ In the Matter of the Claim of SCOTT M. PAETH, Respondent, v HAWK FRAME & AXLE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [643 NYS2d 737]

On April 17, 1986 claimant, a laborer, injured his right leg, back and left foot when a heavy pile of sheet metal fell on him at work. After a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), the WCLJ found that accident, notice and a causal relationship were established for the back and leg contusions and awarded claimant total disability benefits from April 17, 1986 to February 9, 1987. The WCLJ, however, did not find medical evidence of permanency and closed the case. Thereafter, claimant experienced an increase in lower back pain and was treated at a hospital on October 21, 1991, and his workers' compensation case subsequently was reopened. Following a hearing, a WCLJ found that claimant sustained a permanent partial disability that was causally related to claimant's April 17, 1986 accident and awarded him compensation from February 6, 1992 to August 7, 1992. Upon appeal, the Workers' Compensation Board, by decision filed October 24, 1994, affirmed the WCLJ's findings. This appeal by the employer and carrier (hereinafter collectively referred to as the employer) ensued.

The employer contends that claimant's subsequent disability was not causally related to his April 17, 1986 injury but, rather, was due to an accident at home in October 1991 and, therefore, the Board's decision is not supported by substantial evidence. We find this argument unpersuasive. Claimant's physician, Joseph McDonald, testified that claimant's back pain was due to, *inter alia*, nerve root compression, which rendered claimant totally disabled, and opined that the disability was causally related to claimant's April 17, 1986 accident. Although the employer's physician, Robert Stevens, expressed an entirely different opinion, it is well settled that the weight to be given conflicting medical opinions is a matter for the Board to decide (*see, Matter of Lynch v New York City Hous. Auth.*, 169 AD2d 1029). To the extent that claimant contends that McDonald's opinion should not be accorded any weight because McDonald initially was unaware of the accident claimant apparently

sustained at his home in October 1991, McDonald maintained that although such an injury might aggravate claimant's disability, the causal relationship between claimant's disability and his April 1986 injury remained, and the Board was free to credit McDonald's testimony over that of Stevens. Therefore, we find that substantial evidence supports the Board's decision.

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.