■ In the Matter of the Claim of PAUL L. GONZALEZ, Respondent, v OZALID CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [652 NYS2d 425] —Spain, J. Appeals from two decisions of the Workers' Compensation Board, filed September 28, 1993 and May 8, 1995, which, *inter alia*, ruled that claimant sustained a causally related occupational disease.

Claimant was employed by Ozalid Corporation and its predecessor from June 27, 1966 until April 4, 1985. During this time, he held a variety of positions, including working as a paper coater and a maintenance worker. On June 8, 1985, claimant suffered a myocardial infarction. He filed a claim for workers' compensation benefits on July 29, 1987. After numerous hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, *inter alia*, that claimant suffered from coronary artery disease with a consequential myocardial infarction which was causally related to his employment. The WCLJ subsequently concluded that claimant sustained a permanent partial disability and awarded him benefits. Upon review, the Workers' Compensation Board found, *inter alia*, that claimant's myocardial infarction was causally related to his exposure to multiple

chemicals during his employment at Ozalid. The Board subsequently amended its decision and further found, *inter alia*, that claimant sustained an occupational disease and was totally industrially disabled within the meaning of the Workers' Compensation Law. Claimant's employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal the Board's decisions.

The employer argues, *inter alia*, that claimant's claim for benefits is untimely under Workers' Compensation Law § 28 and that the Board's finding that claimant sustained an occupational disease causally related to his exposure to chemicals while employed at Ozalid is not supported by substantial evidence. Initially, it is undisputed that claimant did not file a claim for workers' compensation benefits until more than two years after his myocardial infarction. The record, however, discloses that claimant was not aware of the causal relationship between his condition and the chemicals he was exposed to during his employment at this time. Although Nasiruddin Jamal, the physician who treated claimant directly after his myocardial infarction, testified that he and claimant had conversations about the effect of the chemicals sometime during the course of claimant's treatment, he stated that he could not recall exactly when these conversations took place and that he advised claimant that he was not aware of the interaction between chemicals and coronary heart disease. While claimant may have had suspicions about the causal relationship between his condition and his exposure to chemicals which prompted him to file a claim for benefits in July 1987, we do not find on this record that he knew or should have known of the causal relationship until he consulted with another physician in December 1987. In view of this, we do not find that the claim was untimely under Workers' Compensation Law § 28 (*cf., Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593).

Moreover, upon reviewing the record, we find that the Board's decisions are supported by substantial evidence. Although conflicting medical testimony was adduced at the hearings concerning whether claimant sustained an occupational disease causally related to his exposure to chemicals during his employment at Ozalid, it was for the Board to choose which evidence to credit in making its decision (*see, Matter of Paeth v Hawk Frame & Axle*, 228 AD2d 746, 747; *Matter of Onody v County of Oswego D.P.W.*, 223 AD2d 813; *Matter of Walker v New Process Gear Div.*, 201 AD2d 768, 769). The medical evidence relied upon by the Board, together with the evidence establishing the many chemicals to which claimant was ex-

posed during the course of his employment at Ozalid, provides substantial evidence supporting the Board's decisions. We have considered the employer's remaining claim and find it to be without merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the decisions are affirmed, with costs to claimant.