■ In the Matter of the Claim of RUDY BONGIORNO, Appellant, v CITY OF NEW YORK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [673 NYS2d 250] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 25, 1996, which ruled, *inter alia,* that claimant's claim for occupational disease was time barred under Workers' Compensation Law § 28.

On October 23, 1986, claimant sustained accidental injuries to his back and neck while moving heavy furniture and equipment during the course of his employment as an electrician. He subsequently filed a claim for workers' compensation benefits in connection with these injuries. In November 1987, during the course of litigation involving the 1986 claim, an EMG test administered to claimant revealed, *inter alia,* that he suffered from bilateral carpal tunnel syndrome. Thereafter, by notice of hearing dated September 26, 1990, the Workers' Compensation Board directed that a hearing be conducted to consider, *inter alia,* whether claimant's bilateral carpal tunnel syndrome was causally related to his 1986 accident. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision finding no causal relationship. In January 1992, the 1986 case was closed by a decision finding

claimant permanently partially disabled based upon his neck and back injuries.

On January 23, 1992, claimant was examined by a new physician, Richard Radna, who concluded that claimant's bilateral carpal tunnel syndrome appeared to be "occupational in nature". In April 1992, claimant filed a separate claim for bilateral carpal tunnel syndrome as an occupational disease. His employer controverted the claim citing several defenses including Workers' Compensation Law § 28, which requires that a claim be filed "within two years * * * after the claimant knew or should have known that the disease is or was due to the nature of the employment". The Board ultimately ruled that the claim was barred under this statute and this appeal by claimant followed.

We reverse. While the EMG test conducted in November 1987 provided claimant with notice of his bilateral carpal tunnel syndrome, there is a lack of substantial evidence in the record indicating that claimant knew or should have known at that time that it was due to the nature of his employment (see, Workers' Compensation Law § 28). The initial diagnosis was made in connection with claimant's 1986 claim for back and neck injuries and none of the doctors who examined him in regard to that claim found a causal relationship between his bilateral carpal tunnel syndrome and the 1986 accident. Indeed, the WCLJ who conducted a hearing on the issue ultimately ruled that no causal relationship existed. Unlike the Board, we do not find that the WCLJ's findings in this regard were sufficient to make claimant aware of a causal relationship between his condition and his employment. Rather, claimant first became aware of the existence of such a causal relationship after being examined by Radna in January 1992. Because his claim for bilateral carpal tunnel syndrome was filed within two years of this time, we conclude that the claim was timely under Workers' Compensation Law § 28 (see, Matter of Gonzalez v Ozalid Corp., 235 AD2d 859, 859-860). In view of our disposition, we need not address claimant's remaining contentions.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is reversed, on the law, with costs to claimant, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.