■ In the Matter of the Claim of DARLENE TURNER, Respondent, v ERIE COUNTY MEDICAL CENTER, Appellant. WORKERS'

COMPENSATION BOARD, Respondent. [673 NYS2d 268] —Graffeo, J.
Appeal from a decision of the Workers' Compensation Board,
filed April 18, 1997.

On October 21, 1993, claimant, a health aide for the self-insured employer herein, injured her back while attempting to move a patient. On January 24, 1994, claimant returned to work in a light-duty position; however, she was unable to work for more than a few hours. Thereafter, the employer ceased claimant's workers' compensation payments. Following a hearing before a Workers' Compensation Law Judge, claimant was awarded benefits for the period in question, January 24, 1994 through September 16, 1994. On administrative appeal by the employer, a majority of the Workers' Compensation Board affirmed, determining, *inter alia*, that claimant had a disability during the period in question, and that she had not voluntarily removed herself from the labor market by refusing to continue the light-duty work provided by the employer. The majority's findings were adopted upon mandatory full Board review. The employer appeals and we affirm.

The testimony of claimant's treating physician, Horace Rosteing, and his reports following claimant's return to work on January 24, 1994, clearly demonstrate that claimant was disabled during the period in question. The reports indicate that claimant was continually under Rosteing's care since the injury, that she was classified as having a "total disability" throughout the period in question, that physiotherapy and medication were prescribed, that strains to her back were still evident, and that the estimated dates for claimant's return to work with limited duties were not within the period in question. Therefore, we find the Board's decision that claimant was disabled during the period in question to be supported by substantial evidence.

Furthermore, although Rosteing gave claimant permission to return to the light-duty position, the work was more active than he anticipated based on a form he received from the employer, in that claimant was required to stretch, twist and reach. Therefore, the Board could justifiably conclude from Rosteing's testimony that the work offered on January 24, 1994 exceeded the limitations imposed by Rosteing and that claimant's refusal to do the work did not constitute a voluntary removal from the labor market (*see, Matter of Muzio v City of Albany, Bur. of Sts.*, 151 AD2d 883, 884; *Matter of Landi v Carrier Corp.*, 125 AD2d 789, 790). Although an orthopedic surgeon opined, following a February 1994 examination, that claimant had no permanent disability and that she was fit to

return to gainful employment, "it was for the Board to choose which evidence to credit in making its decision" (*Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859, 860; *see, Matter of Paeth v Hawk Frame & Axle*, 228 AD2d 746). Since the Board's decision was supported by substantial evidence, it must be affirmed.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.