■ In the Matter of the Claim of EDWARD GRANIERO, Appellant, v NORTHERN WESTCHESTER HOSPITAL, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [695 NYS2d 762] —Crew III, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 16, 1998 and June 25, 1998, which ruled that claimant's workers' compensation claim was untimely filed.

In 1992 or 1993 claimant, whose job duties included the disposal of infectious waste and the cleaning and processing of surgical instruments, experienced difficulties with his wrists and sought medical treatment. At that time, claimant was advised by the physician in question that he was suffering from bilateral carpal tunnel syndrome and that such condition was work related. Claimant apparently sought no further medical intervention until December 1995, at which time claimant's treating physician advised claimant to file a workers' compensation claim. Claimant thereafter notified his employer and, in February 1996, the employer filed a notice that claimant's right to workers' compensation benefits was controverted. Ultimately, the Workers' Compensation Board concluded that the underlying claim was time barred pursuant to Workers' Compensation Law § 28, as claimant knew in 1992 or 1993 that he was suffering from a work-related condition and failed to notify the employer within the two-year period set forth in the statute. Claimant now appeals.

We affirm. Pursuant to Workers' Compensation Law § 28, a claim based upon an occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (*see, Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 597). Although claimant concedes that he first was diagnosed with bilateral carpal tunnel syndrome and advised that such condition was work related in 1992 or 1993, he contends that he was not "disabled" until December 1995 and, hence, his compensation claim is timely. We cannot agree.

Pursuant to Workers' Compensation Law § 42, the date of disablement is a matter to be determined by the Board upon a hearing held on the underlying claim. To that end, the Board has a degree of latitude in selecting such date and its findings in this regard, if supported by substantial evidence, will not be disturbed (*see, Matter of Bonneau v New York City Dept. of Sanitation*, 233 AD2d 796, 797; *Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920, 921). Additionally, the Court of Appeals has made clear that the Board may properly fix the date of disablement as the time of physical impairment or need of medical care and prior to any actual loss of wages (*see, Matter of Ryciak v Eastern Precision Resistor*, 12 NY2d 29, 32; *see also, Matter of Smith v Ingersoll-Rand Co.*, 50 AD2d 988).

Here, unlike the claimants in *Matter of Bongiorno v City of New York* (250 AD2d 1001) and *Matter of Gonzalez v Ozalid Corp.* (235 AD2d 859), claimant was well aware as early as

1992 or 1993 that the bilateral carpal tunnel syndrome from which he suffered was a work-related condition. Under such circumstances, we find that the Board properly established claimant's date of disablement as sometime in 1992 or 1993. To the extent that claimant seeks to rely upon our prior decision in *Matter of Winn v Hudson Val. Equine Ctr. (supra)*, we need note only that unlike the claimant in *Winn*, there is no indication that claimant was symptom free between the time he first sought treatment in 1992 or 1993 and his subsequent decision to seek treatment in December 1995.

Cardona, P. J., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.