■ In the Matter of the Claim of JOSEPH BALDO et al., Respondents, v DAILY NEWS, Respondent, and NATIONAL UNION FIRE INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 753] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 15, 1998, which ruled that the date of claimant Joseph Baldo's disablement was July 29, 1992.

Claimant Joseph Baldo (hereinafter claimant), a former newspaper pressman, filed a claim for workers' compensation benefits in May 1992 alleging that he was permanently disabled as the result of work-related lung cancer. Claimant died of the lung cancer in 1994 and his widow filed a claim for death

benefits. When a dispute arose regarding which of the workers' compensation carriers for the employer was on the risk for the claims, the Workers' Compensation Board ruled, *inter alia*, that the date of disablement was July 29, 1992. The carrier on the risk effective July 1, 1992 appeals.

Based upon evidence that claimant was diagnosed and treated for lung cancer in 1990 or 1991, the carrier contends that there is no basis for the July 1992 date of disablement selected by the Board. We disagree. The Board has a "degree of latitude" in selecting the date of disablement and its decision on this issue will not be disturbed if supported by substantial evidence (*Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, *lv denied* 94 NY2d 759). Inasmuch as there is no obligation to give preference to any particular event over others in deciding this issue (*see, Matter of Bishop v St. Joe Mins.*, 151 AD2d 917, 919, *lv denied* 75 NY2d 709), the Board is not required to set the date of disablement as the date a claimant first seeks medical treatment (*see, Matter of Glasheen v New York State Dept. of State*, 239 AD2d 792, 794-795).

In this case there are no medical records or reports from the physicians who diagnosed and treated claimant's cancer in 1990 or 1991. Nor is there any evidence that he was disabled at that time. He worked until June 1991 when he retired and there is no evidence that he was advised to retire for medical reasons. The only medical evidence in the record consists of the reports of two physicians who examined claimant after he filed his claim. One of the physicians, who first examined claimant on July 29, 1992, found that claimant was partially disabled and that his lung cancer was at least partially related to his work. The other physician, who examined claimant in October 1992, found claimant to be totally disabled. Neither physician provided an opinion as to when claimant became disabled and there is no other medical evidence that claimant was actually disabled prior to July 1992. There being no medical evidence to establish a date of disablement prior to the July 29, 1992 examination, it cannot be said that the Board's selection of that date as the date of disablement is not supported by substantial evidence. Assuming that the Board could have inferred an earlier date, it was not required to do so.

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.