■ In the Matter of the Claim of ABBIE PATTERSON, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [745 NYS2d 314] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 4, 2000, which ruled that claimant's application for workers' compensation benefits was time barred.

---

5. Neither party appealed from the June 25, 2001 decision and order.

In 1987, claimant, who had worked for the employer as a medical typist/transcriptionist, was diagnosed with carpal tunnel syndrome in her right hand. She was informed at that time that the condition was related to her work. Several months later, claimant began experiencing the same problem with her left hand. Claimant opted not to undergo the recommended surgery at that time, and instead wore splints when the pain became unbearable. Claimant missed no work time until June 17, 1998, when she finally underwent surgery for the left hand. Claimant returned to work on August 2, 1998 and filed a claim for workers' compensation benefits on August 4, 1998. Subsequently, claimant had surgery for the right hand and was out of work from May 12, 1999 to September 1, 1999. After a hearing held in October 1999, the Workers' Compensation Law Judge determined that claimant suffered from an occupational disease, set the date of disablement as June 17, 1998 and awarded benefits. Upon appeal, the Workers' Compensation Board reversed, ruling that because claimant knew of her occupational disease in 1987, the claim was time barred under Workers' Compensation Law § 28. Claimant appeals.

Workers' Compensation Law § 28 states that a claim for compensation benefits for disablement caused by occupational disease must be filed "within two years after disablement *and* after the claimant knew or should have known that the disease is or was due to the nature of the employment" (emphasis supplied) (*see, Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661, *lv dismissed* 95 NY2d 926; *Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, *lv denied* 94 NY2d 759). While we agree with the dissent that the Board has great latitude in fixing the date of disablement, here, the Board's determination failed to consider claimant's date of disablement which was established as June 17, 1998 by the Workers' Compensation Law Judge (*see, Matter of Cummings v Tenneco Chems. Div., Am. Plastics*, 53 AD2d 944 [date of disablement can be set on last day the claimant worked even though medical treatment received at earlier date]). Notwithstanding claimant's knowledge that the 1987 diagnosis of her carpal tunnel syndrome was caused by her work-related duties, the necessary concomitant finding that claimant's date of disablement was more than two years prior to the filing of her claim for benefits was not made (*see, e.g.,* Workers' Compensation Law § 42; *Matter of Ryciak v Eastern Precision Resistor*, 12 NY2d 29, 32; *Matter of Baldo v Daily News*, 278 AD2d 680, 681; *Matter of Bishop v St. Joe Mins.*, 151 AD2d 917, 919, *lv denied* 75 NY2d 709; *Matter of Smith v Ingersoll-Rand Co.*, 50 AD2d 988). Accordingly, we are unable to determine whether

the Board's determination is supported by substantial evidence. The Board's failure to explicitly find a date of disablement results in review premised upon speculation rather than upon the controlling substantial evidence standard.

Spain and Rose, JJ., concur.

Cardona, P.J. (dissenting). We respectfully disagree with the majority's determination that the Workers' Compensation Board failed to make a finding that claimant's date of disablement was more than two years prior to the filing of her claim for benefits. In holding that her claim was time barred under Workers' Compensation Law § 28, the Board rejected the Workers' Compensation Law Judge's finding which established claimant's date of disablement as June 17, 1998 and, instead, implicitly set claimant's date of disablement in 1987, when she was first diagnosed with her work-related occupational disease.

We have noted that the Board has great latitude in fixing the date of disablement "and its findings in that regard will not be disturbed if supported by substantial evidence" (*Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661, *lv dismissed* 95 NY2d 926; *see*, Workers' Compensation Law § 42; *Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, 639, *lv denied* 94 NY2d 759). Furthermore, the Board may "fix a date of disablement as of the time of physical impairment or need of medical care and before any loss of wages" (*Matter of Ryciak v Eastern Precision Resistor*, 12 NY2d 29, 32; *see, Matter of Smith v Ingersoll-Rand Co.*, 50 AD2d 988). Claimant testified that she received her diagnosis of carpal tunnel syndrome in 1987, and was aware at that time that the problem was related to her employment. Therefore, the Board could properly set the date of disablement at that time (*see generally, Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 597). In our view, the record contains substantial evidence supporting the Board's decision. Accordingly, we would affirm it.

Crew III, J., concurs. Ordered that the decision is reversed, without costs, and matter remitted to the Worker's Compensation Board for further proceedings not inconsistent with this Court's decision.