■ In the Matter of the Claim of CINDY JEX, Appellant, v ALBION CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [770 NYS2d 919]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed July 19, 2002, which ruled that claimant's application for workers' compensation benefits was untimely filed.

Claimant, a vocational cosmetology instructor at a state correctional facility, suffered an accidental workplace injury in 1994 which aggravated her preexisting respiratory problems. She submitted a claim and received workers' compensation benefits through October 1995. In 1999, just before she took disability retirement due to her respiratory difficulties, she filed a new workers' compensation claim to recover for an occupational disease resulting from the air quality conditions in her workplace dating back to 1989. The Workers' Compensation Board found that her occupational disease claim was time-barred by Workers' Compensation Law § 28. After her application for reconsideration or full Board review was denied, claimant appealed.

We affirm. Claims for disablement caused by occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28; *see Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d 774, 775 [2002]). Claimant's October 1995 testimony at a hearing for her prior accidental injury claim indicates that she was aware at that time that her respiratory problems were related to her employment and were continuing in nature. Further, in December 1995, claimant's occupational disease expert testified that cosmetic-type chemicals exacerbated claimant's respiratory problems. Inasmuch as the occupational disease claim was filed more than two years after that testimony, and the Board is granted latitude in selecting the date of disablement, we will not disturb the Board's finding that this claim was time-barred (*see Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, 639 [1999], *lv denied* 94 NY2d 759 [2000]).

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.