In the Matter of the Claim of SUSAN COURSEY, Appellant, v APPLIED MINDS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 631]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 30, 2003, which, inter alia, ruled that claimant's claim was untimely.

Claimant, who worked as an executive assistant for the employer, developed a variety of symptoms, including neck, shoulder and arm pain, beginning in or about 1989. Although claimant's difficulties persisted and she treated with various practitioners during the 1990s, she continued to work until August 20, 2001, at which time she was placed on medical leave.

Claimant thereafter filed this claim for workers' compensation benefits on September 17, 2001 and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant was entitled to benefits and set her date of disablement as August 20, 2001. The employer and the workers' compensation carrier appealed, and the Workers' Compensation Board reversed, finding that claimant should have known that her medical condition was work related more than two years prior to her claim for benefits and, as such, her claim was untimely pursuant to Workers' Compensation Law § 28. This appeal by claimant ensued.

We reverse. A claim for a disability caused by an occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28; *see Matter of Jex v Albion Correctional Facility*, 4 AD3d 574, 575 [2004]). Here, the Board found that claimant should have known that her condition was related to her employment more than two years prior to the time her claim for compensation was filed. However, the Board did not address the fact that the WCLJ set the date of disablement as August 20, 2001, which, if accepted, would render the claim timely. Inasmuch as the Board did not make "the necessary concomitant finding that claimant's date of disablement was more than two years prior to the filing of her claim for benefits" (*Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d 774, 775 [2002]), we are unable to ascertain whether the Board's decision is supported by substantial evidence in the record as a whole (*see id.* at 775-776). To the extent that it may be argued that the Board's reversal of the WCLJ's decision constituted an implicit rejection of August 20, 2001 as the date of disablement, we need note only that the dissent in *Patterson* made a similar and, ultimately, unsuccessful argument.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.