■ In the Matter of the Claim of JOHN L. PETEREC-TOLINO, Appellant, v COMMERCIAL ELECTRICAL CONTRACTORS, INC., et al.,

Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[872 NYS2d 599]—

Mercure, J. Appeal from a decision of an arbitrator, filed February 27, 2007, which ruled that claimant did not suffer a compensable injury.

Claimant, who was employed as a fifth-year apprentice by respondent Commercial Electrical Contractors, Inc., was terminated from his employment on July 7, 2006, after allegedly threatening a project superintendent. He thereafter filed a claim for workers' compensation benefits based upon a neck and back injury sustained shortly prior to his termination. Pursuant to Workers' Compensation Law § 25 (2-c), the claim proceeded under the Alternate Dispute Resolution program, with the parties disputing whether claimant suffered his injuries while working for the employer. The arbitrator ultimately disallowed the claim, determining that it was merely an afterthought following termination, and claimant now appeals.

We affirm. "A court may not vacate an arbitration award except in those limited situations where the award" has been procured by fraud, corruption or misconduct, or "is 'violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany]*, 27 AD3d 979, 980 [2006] [citation omitted]; *see Matter of Henneberry v ING Capital Advisors, LLC*, 10 NY3d 278, 283-284 [2008]).* Indeed, the Court of Appeals has repeatedly stated "that an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (*Wien & Malkin*

---

* While disputes over workers' compensation claims generally reach this Court on appeal from decisions of the Workers' Compensation Board and are subject to the substantial evidence standard of review (*see e.g. Matter of Mazayoff v A.C.V.L. Cos., Inc.*, 53 AD3d 890, 891 [2008]; *Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 862 [2008]), the arbitrator's decision herein was appealed directly to this Court, without intermediate review by the Board (*see* Workers' Compensation Law § 25 [2-c] [d]; 12 NYCRR 314.3 [b]). Thus, the substantial evidence standard is not applicable.

*LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006], *cert dismissed* 548 US 940 [2006]). Contrary to claimant's argument herein, the arbitrator's determination was not irrational; rather, it is fully supported by the testimony of the project superintendent and the project supervisor. While claimant argues that the testimony relied upon was fraudulent and the arbitrator was guilty of misconduct in accepting that testimony, we conclude instead that "the claimed inaccuracies created question[s] of credibility for the arbitrator to resolve" (*Matter of Council 82, AFSCME, AFL-CIO [New York State Dept. of Correctional Servs.]*, 223 AD2d 993, 994 [1996]). Claimant's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.