■ In the Matter of the Claim of DEBORAH MOTT, Appellant, v ITT INDUSTRIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 319]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 9, 2008, which ruled that claimant's application for workers' compensation benefits was time-barred.

Claimant, who performed clerical duties for the employer for over 27 years, was diagnosed with bilateral carpal tunnel syndrome in 2006 and applied for workers' compensation benefits. Following hearings, a Workers' Compensation Law Judge disallowed the claim as time-barred pursuant to Workers' Compensation Law § 28. On review, the Workers' Compensation Board affirmed, prompting claimant to appeal.

We reverse. A claim for workers' compensation benefits due to an occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28; *see Matter of McNally v Newsday*, 40 AD3d 1323, 1324 [2007], *lv denied* 9 NY3d 809 [2007]). Here, the Board determined that claimant knew or should have known no later than 2001 that her bilateral carpal tunnel syndrome symptoms were related to her employment. We note, however, that notwithstanding claimant's prior awareness that her *symptoms* were work-related, the Board failed to establish the date of claimant's *disablement*. Thus, absent "the necessary concomitant finding that claimant's date of disablement was more than two years prior to the filing of her claim

for benefits" (*Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d 774, 775 [2002]; *accord Matter of Coursey v Applied Minds, Inc.*, 13 AD3d 865, 866 [2004]), any conclusion on our part concerning whether the Board's overall determination is supported by substantial evidence would be speculative (*see Matter of Coursey v Applied Minds, Inc.*, 13 AD3d at 866; *Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d at 775-776; *see also Matter of Leary v NYC Bd. of Educ.*, 42 AD3d 712, 714 [2007]).

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.