*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                    517828
_____

In the Matter of the Claim of
    JAMES DIAZ,
                    Appellant,

        v

KLEINKNECHT ELECTRIC et al.,
                    Respondents,
        and                                    MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
         Clark, JJ.

                    _____


        Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

        Weiss, Wexler & Wornow, PC, New York City (Corey I.
Zimmerman of counsel), for Kleinknecht Electric and another,
respondents.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

                    _____

McCarthy, J.

        Appeal from a decision of an arbitrator, filed January 15, 2013, which determined, among other things, claimant's date of disablement.

        Claimant was injured while running electrical cables for the employer near the World Trade Center site beginning in September 2001.  He first sought medical treatment for his injuries in April 2003, but continued to work until March 2011.  Claimant filed a workers' compensation claim related to the injuries from his World Trade Center work.  The employer's workers' compensation carrier controverted the claim.  The collective bargaining agreement between claimant's union and the electrical employers included an alternative dispute resolution agreement authorized by Workers' Compensation Law § 25 (2-c).  Consistent with that agreement, claimant and the carrier began arbitration concerning this claim.  In December 2012, the arbitrator classified claimant with a permanent total disability due to these work-related injuries and established the date of disablement as his last date of work in March 2011.  Based on that finding, the arbitrator established that claimant was entitled to the maximum weekly rate of $739.83.  In January 2013, the arbitrator revisited the date of disablement and, after hearing arguments, rescinded his decision and found the date of disablement to be the date of claimant's first medical treatment in April 2003, which reduced claimant's weekly award to the maximum allowed in 2003, $400 per week.  Claimant appeals.

        Workers' compensation claims generally reach this Court on direct appeal from decisions of the Workers' Compensation Board and are subject to the substantial evidence standard of review (see Workers' Compensation Law § 23; Matter of Lucke v Ellis Hosp., 119 AD3d 1050, 1051 [2014]; Matter of Bednarek v Caring Professionals Inc., 111 AD3d 997, 998 [2013]).  On the other hand, determinations of workers' compensation claims by arbitrators pursuant to an authorized alternative dispute resolution program are not reviewed by the Board, but may be appealed directly to this Court (see Workers' Compensation Law § 25 [2-c] [d]; 12 NYCRR 314.3 [b]).  The substantial evidence standard does not apply to appeals of claims reaching us through

the latter procedural route (see Matter of Peterec-Tolino v Commerical Elec. Contrs., Inc., 59 AD3d 752, 753 n [2009], lv denied 13 NY3d 704 [2009]).  Instead, these cases are reviewed under the standard applicable to review of arbitration awards in general (see CPLR 7511).

Pursuant to that standard, courts have limited power to review an arbitrator's award (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]).  Courts may vacate an arbitration award only if it was procured by "corruption, fraud or misconduct," if the arbitrator was biased (CPLR 7511 [b] [1] [i]; see CPLR 7511 [b] [1] [ii]) or "if [the award] violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 534).  "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; accord Matter of Peterec-Tolino v Commerical Elec. Contrs., Inc., 59 AD3d at 753), nor should courts "otherwise pass upon the merits of the dispute" (CPLR 7501).

Claimant waived some of his current arguments by proceeding with the arbitration without objecting.  While claimant now alleges that the arbitrator must have engaged in ex parte communications with the carrier's counsel, claimant had knowledge at the last arbitration hearing of the basis for the current allegations.  Not having objected to such alleged communications or raised the specter of bias at the hearing, claimant waived such allegations and cannot rely on them now (see Matter of J.P. Stevens & Co. [Rytex Corp.], 34 NY2d 123, 129 [1974]; Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d 1284, 1286 [2011]).

At the hearing, claimant's counsel did complain that the hearing notice did not list the issues to be addressed.  Even assuming that there was a requirement to list the issues —

despite the notice requirements mainly dealing with timeliness (see CPLR 7506 [b] [requiring notice to give time and place of hearing]; 12 NYCRR 314.2 [d] [1] [requiring "adequate and timely notice"]) — claimant has not shown any prejudice because his counsel stated that she was "certainly well prepared to argue" the issue of date of disablement, did not request an adjournment and made a thorough and well-reasoned argument, including case citations.

Claimant has not shown that the award was irrational, which would require a showing of an utter lack of any proof to justify the award (see Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d at 1285).  Claimant presented proof that his first treatment occurred in April 2003.  As claimant concedes that the date of disablement is a discretionary determination and the date of first medical treatment is a proper option (see Matter of Ryciak v Eastern Precision Resistor, 12 NY2d 29, 32 [1962]; Matter of Graniero v Northern Westchester Hosp., 265 AD2d 638, 639 [1999], lv denied 94 NY2d 759 [1999]), the arbitrator's selection of that date was not irrational.

Even if we were to accept claimant's contention that the arbitrator committed an error of law by setting a date of disablement that violated Workers' Compensation Law § 164, courts cannot vacate an arbitration award solely based on an error of law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480; Matter of Peterec-Tolino v Commerical Elec. Contrs., Inc., 59 AD3d at 753-754).

Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court